HUDSON v. HUDSON

1. JUDGMENT—SUMMARY JUDGMENT.

The question to be determined in a summary judgment proceeding is whether the affidavits together with the pleadings, depositions, admissions, and documentary evidence then filed in the action present a genuine issue as to any material fact (GCR 1963, 117).

2. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

The function of a court in disposing of a motion for summary judgment is not to decide issues of fact, but to ascertain whether there is an issue of fact to be tried, resolving all doubts as to the existence of a genuine issue of fact against the moving party (GCR 1963, 117).

3. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—CREDIBILITY OF AFFIANT.

Summary judgment is not available whenever a presented issue of material fact turns upon the credibility of an affiant or witness whose deposition has been taken (GCR 1963, 117).

4. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

Summary judgment for plaintiff was improperly granted where there was an issue of fact as to the identity of the intended beneficiary of a life insurance policy payable to "Marie Hudson, wife," and where plaintiff, Marie Hudson, was the insured's girl friend, not his wife, and Willa Mae Hudson, the insured's legal wife, asserted in her pleadings that she was sometimes called "Marie" by the insured.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 June 12, 1970, at Detroit. (Docket No. 7,168.) Decided October 2, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4]  41 Am Jur, Pleadings § 342.
[3]  53 Am Jur, Trials § 300.

Complaint by Marie Hudson against Willa Mae Hudson and John Hancock Mutual Life Insurance Company for recovery of the proceeds of a life insurance policy. Counterclaim by defendant Willa Mae Hudson. Complaint for interpleader by defendant John Hancock Mutual Life Insurance Company. Defendant insurance company dismissed by stipulation. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Dingell, Hylton & Zemmol,* for plaintiff.

*James D. Jackson,* for defendant Willa Mae Hudson.

Before: Danhof, P. J., and V. J. Brennan and J. J. Kelley, Jr.,* JJ.

Per Curiam. This is an appeal from an order granting plaintiff's motion for summary judgment in an action to recover the proceeds of a life insurance policy.

Marie Hudson, also known as Marie Nash, claims to be the beneficiary of a group insurance policy on the life of James Hudson in the amount of $7,500. At the date of the insured's death, the named beneficiary of the policy was "Marie Hudson, wife." Plaintiff was not the wife of James Hudson, but was in fact a girlfriend with whom he had been living since 1952. In November of 1958, James Hudson executed a change of beneficiary form designating "Marie Hudson, wife" as beneficiary in place of a former girlfriend designated as "Sally Hudson, wife."

The defendant, Willa Mae Hudson, was James' legal wife. They were married on January 24, 1925,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

but separated in 1940 without obtaining a divorce.

Plaintiff's complaint alleges that the insured intended to name plaintiff as beneficiary of the policy. Defendant's counterclaim states that the beneficiary of the policy was Willa Mae Hudson, affectionately called Mae or Marie by the deceased. Plaintiff denied this allegation stating that defendant was never known by any name other than Willa Mae Hudson.

Plaintiff filed her motion for summary judgment pursuant to GCR 1963, 117, stating the basis to be that defendant's answer does not set forth a "triable issue of fact". In support of this motion, plaintiff submitted her own affidavit stating, *inter alia,* that the defendant was known as Willa Mae Hudson and has never been known as Marie Hudson and that only the plaintiff is Marie Hudson.

The question to be determined in a summary judgment proceeding is whether the affidavits together with the pleadings, depositions, admissions, and documentary evidence then filed in the action present a genuine issue as to any material fact. *Durant* v. *Stahlin* (1965), 375 Mich 628.

In the case at bar, the complaint and answer frame the issue as follows. Both the plaintiff, whose real name is Marie Nash, and the defendant, whose real name is Willa Mae Hudson, claim to be the Marie Hudson entitled to receive the proceeds of the insurance policy. Neither party fits the description "Marie Hudson, wife" exactly. The pleadings therefore raise an issue of a material fact: who was intended by the insured to receive the insurance proceeds?

The function of a court in disposing of a motion for summary judgment is not to decide issues of fact, but to ascertain whether or not there is an issue of fact to be tried, resolving all doubts as to

the existence of a genuine issue of fact against a moving party. *Durant* v. *Stahlin, supra,* quoting from *Toebelman* v. *Missouri-Kansas Pipeline Co.* (CA3, 1942), 130 F2d 1016, 1018. If we resolve all doubts in favor of the defendant, we are left with the real possibility that she is the one intended to be the beneficiary.

Furthermore, the plaintiff's statement in her affidavit that she was the intended beneficiary is not conclusive of that issue "as we have repeatedly emphasized, summary judgment is not available whenever a presented issue of material fact turns upon the credibility of an affiant or witness whose deposition has been taken". *Arber* v. *Stahlin* (1969), 382 Mich 300, 308, citing *Durant* v. *Stahlin, supra.*

In view of the foregoing, the grant of summary judgment was improper and we therefore reverse and remand for a trial on the merits.

Reversed and remanded.