SCHRAM v LaROWE

OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—NEGLIGENCE—FACTUAL CAUSE—
   PROXIMATE CAUSE—MOTIONS.
   Factual and proximate causation are material facts in a negli-
   gence action; a trial court may not make findings of fact that a
   piece of metal causing injury to a plaintiff did not come from
   the defendants' shed, as alleged in the complaint, when ruling
   on a motion for summary judgment in a slip and fall case
   alleging failure to state a genuine issue of material fact (GCR
   1963, 117.2[3]).

DISSENT BY D. C. RILEY, P. J.

2. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE ISSUE—NEG-
   LIGENCE—BURDEN OF PROOF.
   *It was not improper for a trial court to grant summary judgment*
   *for failure to present a genuine issue of material fact in a*
   *negligence action, where the court determined from the plead-*
   *ings and depositions submitted and a consideration of the*
   *physical realities, as interpreted most favorably to the plaintiff,*
   *that the plaintiff could not sustain her burden of proof.*

Appeal from Ingham, James T. Kallman, J.
Submitted February 2, 1977, at Lansing. (Docket
No. 27371.) Decided March 30, 1977. Leave to
appeal applied for.

Complaint by Avis Schram against Ronald La-
Rowe and Tamera LaRowe for damages resulting
from a slip and fall. Summary judgment for de-
fendants. Plaintiff appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 136, 137.
[2] 61 Am Jur 2d, Pleading § 71 *et seq.*
   73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*

*Thomas Rasmusson,* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Fores-man, P. C.,* for defendant.

Before: D. C. Riley, P. J., and T. M. Burns and Beasley, JJ.

T. M. Burns, J. Plaintiff appeals from a January 14, 1976 order of summary judgment granted the defendants for failure of plaintiff to present a genuine issue of material fact. GCR 1963, 117.2(3).

Plaintiff fell after slipping on a piece of metal she claims came from defendants' shed, which had fallen down some time before plaintiff's fall. Defendants claimed that the piece of metal did not and could not have come from their shed. The trial court agreed with the defendants.

Factual and proximate causation are material facts in a negligence action. Plaintiff alleged that she slipped on a piece of metal that came from defendants' shed. Defendants denied that the piece of metal came from their shed. There was thus a genuine issue. The trial court's ruling could not have been made without the finding of fact that the piece of metal did not come from the defendants' shed. Such fact-finding is improper and reversibly erroneous when ruling on a motion for summary judgment under GCR 1963, 117.2(3). *Baker v City of Detroit,* 73 Mich App 67; 250 NW2d 543 (1976).

We therefore reverse the order of the trial court and remand this cause for trial.

Costs of this appeal to the plaintiff.

Beasley, J., concurred.

D. C. Riley, P. J. *(dissenting).* My brothers on

the panel vote to reverse because the trial court, in their view, indulged in improper factfinding. I disagree and leave it to the reader to draw his or her own conclusions from the following extracted portions of the trial court's original opinion and his later decision issued upon reconsideration:

"The facts in this case appear to be basically uncontroverted. The Plaintiff was injured when she slipped and fell after stepping on a piece of snow covered metal. The metal was white. All depositions agree that the shed owned by the Defendants was blown over in one piece. Their testimony indicated that they did not observe any stray pieces that sheared off of the shed or strewn around the neighborhood. The testimony of the witnesses indicated that the Defendants' shed was olive green in color on both sides of the metal. That the piece of metal causing the injury was white in color. The only white pieces from the Defendants' shed are angular in nature and generally referred to as corner pieces. The angular metal was not flattened out and this Court doubts whether or not wind would flatten angular pieces of metal. All testimony indicated that the metal causing the injury varied from one foot by eighteen inches to two feet by three feet. The testimony is that the corner trim or angular pieces of metal were four inches by four inches. Based on this testimony[,] and both [counsel] indicated on the record that these were all the witnesses that would be called, there is no way that this piece of metal could have come from Defendants' shed. Couple this with the testimony that another shed in the neighborhood was blown down by the wind, that this shed was white in color and testimony showed further that several pieces from that shed were seen in the neighborhood.

"Another interesting fact is that this injury occurred several weeks after the wind storm.

"It would appear that no reasonable person could disagree from this testimony on this record that the piece of metal causing Plaintiff's injury did not come from Defendants' shed. The depositions also clearly, after analysis, indicate that no witnesses stated that

piece of metal came from Defendants' shed. In the depositions none of the witnesses would state that the Defendants' were negligent in cleaning up the debris after the structure was destroyed or that they had knowledge that there were still alleged pieces of their shed on someone else's property.

* * *

"In this case there is no question but that taking the facts as completely favorably to the Plaintiff's cause of action [she has] not sustained the burden of proof being a preponderance of the evidence of negligence by the Defendants.

"Therefore summary judgment as requested by the Defendants in this case is granted." *Schram v LaRowe,* Ingham County Circuit Court File No. 74 17034 NI, issued May 13, 1975.

"In the Motion [for reconsideration of the summary judgment in favor of defendants] the Plaintiff asserts that the Court in its Opinion made erroneous conclusions of law and fact, and has made assumptions and conclusions of fact as to disputed matters. The Plaintiff cites such things as color, surface, size, and the ability of the wind to flatten metal.

"The depositions of Plaintiff and others indicate that the piece of metal that she slipped on was white in color and had a flat surface. There is nothing of record to indicate that anyone disputes this fact. There is no testimony contending that the Plaintiff slipped on anything other than a white piece of metal that had a flat surface.

"Plaintiff questions the Court's conclusion about the ability of the wind to flatten angular metal. The Court in its Opinion stated that it doubted that the angular metal could have been flattened out by the wind. The Court is well aware of the force of mighty winds in flattening out sheet metal. Here the white trim on Defendants' shed was four inches by four inches angular metal. Assuming arguendo that the wind could flatten out such a narrow surface, the flattened trim would measure only eight inches across. There is nothing in the record to indicate that anyone contends that the piece of metal was that narrow. The descriptions

range from one foot by eighteen inches to two feet by
three feet. There is no dispute between the parties as to
the size of the piece of metal that Plaintiff slipped on.

"The Plaintiff also states that summary judgment
cannot be had where an issue of material fact turns
upon the credibility of affiants, and cites *Hudson v
Hudson* 27 Mich App 137 [183 NW2d 471] (1970). That
case does not apply here. The Court's granting of sum-
mary judgment was based on the consideration of physi-
cal realities and not upon the credibility of any affiant
or witness.

"Based upon oral argument and a review of the file
the Court finds no reason why its previous Order should
not stand. Therefore the Plaintiff's Motion for Reconsid-
eration is denied." *Schram v LaRowe (On Rehearing)*,
Ingham County Circuit Court File No. 74 17023 NI,
issued June 2, 1975.

I agree fully with the trial judge and decline to
disturb his decision.