SCHRAM v CHAMBERS

Opinion of the Court

1. Negligence—Material Facts—Factual Causation—Proximate Causation.

Factual and proximate causation are material facts in a negligence action.

2. Judgment—Summary Judgment—Function of Defendant's Affidavit—Plaintiff's Counter Affidavit—Material Facts—Court Rules.

The function of affidavits by the defendant in a hearing on a motion for summary judgment for failure to raise a genuine issue as to any material fact is to establish affirmatively under oath that there is no basis in fact to support the plaintiff's claims, and the plaintiff's counter affidavits should establish that there is some evidence as to material facts upon which to proceed to trial; the question is whether the affidavits together with the pleadings, depositions, admissions, and documentary evidence then filed in the action present a genuine issue as to any material fact (GCR 1963, 117).

3. Judgment—Summary Judgment—Evidence—Relative Weight.

There is no question of the relative weight to be given the evidence in a hearing on a motion for summary judgment for failure to raise a genuine issue as to any material fact since the party opposing the motion is given the benefit of all doubt, and if he produces some evidence, the motion should be denied.

4. Judgment—Summary Judgment—Factual Findings—Fact Questions—Credibility of Parties—Evidence.

A judge, in ruling on grounds to support a motion for summary judgment for failure to raise a genuine issue as to any material

References for Points in Headnotes

[1] 57 Am Jur 2d, Negligence § 128.

[2] 73 Am Jur 2d, Summary Judgment § 16 *et seq.*

[3, 6] 73 Am Jur 2d, Summary Judgment § 26.

[4] 73 Am Jur 2d, Summary Judgment § 36.

[5] 73 Am Jur 2d, Summary Judgment § 27.

fact, is not permitted to make factual findings or resolve a disputed factual question; it is not the trial court's function to look at the credibility of the parties or to weigh the conflicting evidence.

5. JUDGMENT—SUMMARY JUDGMENT—EVIDENCE—EVIDENCE OF CAUSATION—MATERIAL FACTS—MATTER OF LAW—COURT RULES.

Failure to produce any admissible evidence of causation, in an action for damages resulting from a slip and fall, is fatal to the plaintiff's claim where the defendant moves for summary judgment alleging that except for the amount of damages there is no genuine issue as to any material fact and that the defendant is, therefore, entitled to a judgment as a matter of law (GCR 1963, 117.2[3]).

DISSENT BY T. M. BURNS, J.

6. JUDGMENT—SUMMARY JUDGMENT—FINDINGS OF FACT—TRIAL COURT—MATERIAL FACTS—COURT RULES.

*A trial court in a slip and fall case may not make findings of fact when ruling on a motion for summary judgment alleging failure to state a genuine issue of material fact; summary judgment should not be entered where a fact is disputed (GCR 1963, 117.2[3]).*

Appeal from Ingham, Jack W. Warren, J. Submitted June 8, 1977, at Lansing. (Docket No. 28966.) Decided October 24, 1977.

Complaint by Avis Schram against Duane W. Chambers, Sharryn K. Chambers, Richard L. Wood, Shirley F. Wood, Woolco Department Stores, and J. W. Knapp Co. for damages resulting from a slip and fall. Summary judgment for defendants Duane W. and Sharryn K. Chambers. Plaintiff appeals. Affirmed.

*Thomas Rasmusson,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Peter L. Dunlap),* for Duane W. and Sharryn K. Chambers.

Before: DANHOF, C. J., and T. M. BURNS and
A. E. KEYES,* JJ.

A. E. KEYES, J. Plaintiff appeals as of right from
the entry on May 25, 1976, of a summary judg-
ment in favor of defendants Chambers. In a com-
plaint filed December 11, 1974, plaintiff had al-
leged that she sustained injuries when she fell
after slipping on a piece of sheet-metal-like mate-
rial in her backyard on December 19, 1971. Plain-
tiff alleged that the piece of metal was part of a
shed belonging to either the Chambers or Woods
which had blown down in a storm.

On December 17, 1975, the Chambers moved for
summary judgment under GCR 1963, 117.2(3). This
motion was supported by affidavits made by the
Chambers. Plaintiff responded with an opposing
affidavit.

In its opinion granting summary judgment the
circuit court noted that defendants' motion rested
on their claim that:

"Their affidavits simply assert that every piece of
their shed which was blown away * * * was retrieved
and disposed of so that, in effect, they could not have
had any causal relationship to Plaintiff's injury * * * .
In essence, the Chambers' motion and affidavits assert
that there is lacking an essential element of Plaintiff's
claim—causation—and that Plaintiff is unable to supply
that missing element."

As this Court has recently pointed out in
*Schram v LaRowe,* 74 Mich App 555, 556; 254
NW2d 333 (1977), another case involving this very
incident:

"Plaintiff fell after slipping on a piece of metal she

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claims came from defendants' shed, which had fallen down some time before plaintiff's fall. Defendants claimed that the piece of metal did not and could not have come from their shed. The trial court agreed with the defendants.

"Factual and proximate causation are material facts in a negligence action. Plaintiff alleged that she slipped on a piece of metal that came from defendants' shed. Defendants denied that the piece of metal came from their shed. There was thus a genuine issue."

Based solely on the pleadings, therefore, a summary judgment would have been improper. When the moving party supports his motion under GCR 1963, 117.2(3) with affidavits, however, a different result may obtain. *Durant v Stahlin,* 375 Mich 628, 638; 135 NW2d 392 (1965) reads:

"The basic rule in summary judgment matters is simple. Its application is often difficult. When properly challenged, plaintiff must establish that he has a case on the law and that there are some evidentiary proofs to support his allegations as to any material fact.

"In a summary judgment proceeding, an affidavit is employed as a voluntary statement made *ex parte.* The function of affidavits by the defendant is to establish affirmatively under oath that there is no basis in fact to support plaintiff's claims. In the case of plaintiff's counter affidavits, they should establish that there is some evidence as to material facts upon which to proceed to trial. There is no question of the relative weight to be given the evidence. The party opposing the motion is given the benefit of all doubt. If he produces some evidence, the motion is denied. * * * .

"Using the language of GCR 1963, 117.3, the question is whether the affidavits 'together with the pleadings, depositions, admissions, and documentary evidence then filed in the action' present a genuine issue as to any material fact."

More recently, in *Baker v City of Detroit,* 73 Mich

App 67, 72, 74–75; 250 NW2d 543 (1976), this Court stated:

" * * * two grounds * * * arguably support the grant of summary judgment below, * * * a judge, in ruling on either of the grounds, is not permitted to make factual findings. Thus, if fact-finding occurred, we must reverse.

* * *

"Decisional law imposes a duty on a judge hearing a motion for summary judgment grounded on the absence of a genuine issue of material fact to view the facts in a light according every reasonable doubt to the party opposing the motion."

Therefore, it is clearly improper for the trial court to resolve a disputed factual question in deciding a motion such as the one involved here. Nor is it the trial court's function to look at the credibility of the parties or to weigh the conflicting evidence.[1] Only if no evidence putting the fact of causation into dispute was forthcoming from the plaintiff, in response to defendants' motion and affidavits, would the grant of summary judgment have been proper. Here the circuit court stated that:

"If the Court is satisfied, after considering Plaintiff's response to the motion and affidavits, that the proof of the missing element cannot be supplied by Plaintiff because she has not and cannot support her allegations with anything tending to connect the Chambers with her injury, then summary judgment is proper. This Court believes that such is, in fact, the case here. There is nothing in this record to indicate that anyone exists who can testify to any fact which would tend to link the Chambers to the piece of metal on which Plaintiff fell."

[1] We note that in the lower court opinion quoted in *Schram v LaRowe, supra,* at 558, the court imposed a burden of showing negligence by a preponderance of the evidence in deciding on the summary judgment motion.

Both parties agree that the Chambers owned a shed which was damaged in a wind storm a few days prior to plaintiff's fall. Plaintiff's affidavit relies in part on the observations of Mrs. John M. LaRose as related in her deposition testimony. Plaintiff does not assert any personal knowledge of where the piece of material upon which she slipped came from. A fair reading of the LaRose deposition does not support an inference that the piece of material came from defendants' shed. Plaintiff has been unable to produce the piece of material upon which she slipped.

In our view plaintiff has not proffered any admissible evidence which puts causation into dispute, nothing from which a reasonable inference could be drawn supporting plaintiff's claim. This failure to produce any such evidence in response to defendants' motion under GCR 1963, 117.2(3) is fatal to the plaintiff, and the grant of summary judgment was proper.

Affirmed. Costs to defendants.

DANHOF, C. J., concurred.

T. M. BURNS, J. *(dissenting).* The incident which is the subject of this suit is the same as that involved in *Schram v LaRowe,* 74 Mich App 555; 254 NW2d 333 (1977). In the LaRowe case we reversed a summary judgment granted upon the same grounds as the judgment the majority affirms here. Although the metal upon which plaintiff slipped could not have come from both sheds, and may not have come from either, summary judgment should not be entered where this fact is disputed.

Defendants offered affidavits claiming they had recovered all of the pieces to their shed which was admittedly destroyed in a windstorm. However, it

does not appear that defendants attempted to reassemble the shed. Since the shed was not reassembled, the trial court necessarily indulged in fact-finding in concluding that the Chambers had recovered all pieces of their shed. I vote to follow my opinion in *Schram v LaRowe, supra,* and reverse.