LOYER EDUCATIONAL TRUST v WAYNE COUNTY ROAD
COMMISSION

Docket No. 93959. Submitted January 19, 1988, at Detroit. Decided
    May 17, 1988. Leave to appeal applied for.

The trustee of the Loyer Educational Trust determined that a
    real estate development would be a good investment for the
    trust and hired a contractor to develop the project, which
    became known as the Sibley Plaza Shopping Center. A building
    was erected on the property and the trust applied to the Wayne
    County Road Commission for a permit to connect to water and
    sewer lines and to connect a driveway to Sibley Road. The
    commission stated that a permit would be issued only if the
    trust made certain modifications to the road right of way,
    including constructing a passing lane on the opposite side of
    Sibley Road and widening the pavement in front of the trust's
    property on the south side of Sibley Road as a deceleration
    lane. The trust refused to make the required modifications and
    filed suit against the road commission and others in Wayne
    Circuit Court seeking a preliminary injunction or a writ of
    mandamus. The motions for a preliminary injunction and a
    writ of mandamus were denied, Richard D. Dunn, J. Plaintiff
    then sought money damages. The court ruled that plaintiff was
    not entitled to injunctive relief, a writ of mandamus, or money
    damages because defendants' conduct was not wrongful. Plain-
    tiff appealed.

The Court of Appeals *held:*

1. The conditions imposed by defendants for issuance of the
permit sought by plaintiff were well within the authority
conferred upon defendants by the driveways, banners, events
and parades act and were consistent with defendant's pub-
lished, properly promulgated rules.

2. The denial of the driveway permit does not constitute a
taking of private property without just compensation or a
denial of equal protection.

Affirmed.

REFERENCES
Am Jur 2d, Highways, Streets, and Bridges §§ 181 *et seq.*
See the Index to Annotations under Highways and Streets.

HIGHWAYS — COUNTIES — REAL ESTATE DEVELOPMENTS — DRIVEWAY
     PERMITS — ROAD COMMISSION.

    A county road commission may require a real estate developer to
     make certain modifications in existing streets, including install-
     ing a passing lane, and related improvements as a precondition
     to the granting of a driveway permit (MCL 247.321 *et seq.*;
     MSA 9.140[21] *et seq.*).

*M. Gary Holland,* for plaintiff.

*Samuel A. Turner,* Wayne County Corporation
Counsel, and *Lambro Niforos,* Assistant Corpora-
tion Counsel, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and H. HOOD
and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff, Loyer Educational Trust,
brought suit against the Wayne County Road Com-
mission, the Board of Wayne County Road Com-
missioners, the individual commissioners, and
Brownstown Township, first seeking a preliminary
injunction or writ of mandamus and later seeking
money damages caused by the road commission's
denial of a driveway permit to allow access to
plaintiff's commercial development. Plaintiff's mo-
tion for a preliminary injunction or in the alterna-
tive a writ of mandamus was denied on February
21, 1984, since the trial court was unconvinced
that there was no appropriate legal relief avail-
able. That decision was appealed to this Court and
defendants filed a motion to dismiss. This Court
granted defendants' motion since the denial of a
preliminary injunction or writ of mandamus is not
an appealable final judgment. Defendant Browns-
town Township was dismissed from the suit upon
the court's grant of summary disposition for plain-

    * Retired Court of Appeals judge, sitting on the Court of Appeals by
assignment.

tiff's failure to state a claim upon which relief can be granted.

In May, 1986, the suit for money damages was heard by the Wayne Circuit Court. After taking under advisement the evidence presented, the arguments, and the briefs provided by the parties, the court issued an opinion finding that plaintiff was not entitled to injunctive relief, a writ of mandamus, or money damages since defendants' conduct was not wrongful. From its judgment of no cause of action, plaintiff now appeals as of right, claiming the court's decision was legally erroneous.

The Loyer Educational Trust was established by LaVern Loyer as an education fund for his children. After his children had been educated, Loyer found that money remained in the trust which would eventually be distributed to the children. The trustee decided that a real estate development would be a good investment for the trust and hired Loyer to be the contractor of a project which became known as the Sibley Plaza Shopping Center.

Defendant constructed a shell building consisting of between 23,000 and 24,000 square feet on approximately 2½ acres of land with 365-foot frontage on Sibley Road, between I-75 and Telegraph Road. On April 1, 1981, when the building was approximately half done, plaintiff applied, through its agent, to defendant Wayne County Road Commission for a permit to connect to water and sewer lines and to connect a driveway to Sibley Road. The defendants stated that plaintiff could get a permit only if plaintiff made certain modifications to the road right of way, including a passing lane on the north (opposite) side of Sibley Road and a widening of the pavement in front of plaintiff's property on the south side of Sibley

Road as a deceleration lane, to prevent traffic congestion.

Plaintiff then constructed a driveway from the Sibley Plaza property onto a private road which was west of the shopping center site. This private road led to Loyer Construction, plaintiff's construction company, which was situated behind the proposed shopping center. Construction of this driveway was unauthorized by the road commission. Defendants notified plaintiff that this construction was unauthorized and that a permit would be necessary. On October 14, 1981, plaintiff, under Sibley Plaza letterhead, reapplied for access to water and sewer, showing its new access to Sibley Road via the private drive leading to Loyer Construction. Defendant responded that a permit could not be issued until certain modifications were made to the Sibley Road right of way, the Van Cleef drain and Emit Street, a private drive opposite plaintiff's property. These modifications included the addition of a passing lane on the north side of Sibley Road and the movement or enclosure of the Van Cleef drain. The additional work on the drain and private drive were required because the newly proposed placement of plaintiff's driveway required the passing lane to disrupt this drain and the intersection of Emit Street with Sibley Road. Defendants based their modification requirement upon a set of rules entitled Rules, Standards and Procedures for Driveways within Wayne County Road Commission Right of Way, which was promulgated pursuant to the Michigan driveways, banners, events and parades act, MCL 247.321 *et seq.*; MSA 9.140(21) *et seq.*

Plaintiff refused to make the required modifications, claiming that the cost would be prohibitive and that the road commission had no authority to require it to pay for the improvement to the north

side of Sibley Road. Plaintiff estimated that the cost of the required improvements would be $150,000 to $200,000, which would be approximately thirty percent of the entire cost of the project. Defendants, on the other hand, testified that the required improvement on the north side of the road would cost between $40,000 and $50,000. Although defendants offered to let plaintiff defer the construction of the disputed improvements through the provision of letters of credit, plaintiff refused and instead proceeded to trial seeking injunctive relief or a writ of mandamus and damages.

Evidence was presented that the twenty-four-hour traffic volume on Sibley Road during a test conducted during 1981 was 15,280 vehicles. It was projected that there would be eighty-three left turns during a peak traffic hour. There also was testimony that the passing lane would be required to safely avoid accidents.

On appeal, plaintiff claims that the road commission may not, pursuant to the driveways, banners, events and parades act, compel a private developer to install a passing lane and related improvements as a precondition to the granting of a driveway permit. We disagree.

The purpose of the driveways, banners, events and parades act is to regulate driveways, banners, events, and parades upon highways, to promulgate rules for the regulation, and to prescribe requirements for the issuance of permits therefor. 1969 PA 200, Statement of Purpose.

Section 2 of this act, MCL 247.322; MSA 9.140(22), provides:

> *No driveway, banner or parade is lawful except pursuant to a permit issued in accordance with this act* unless otherwise provided. Nothing in this

act shall be construed to prevent the application of the provisions of any other statute of this state or any local ordinance which is more restrictive than this act nor to preclude any city or village from requiring city or village permits with respect to any street or highway within its corporate limits. No permit shall be issued pursuant to this act unless there is compliance with other provisions of law or ordinances. [Emphasis added.]

Section 4 of the act, MCL 247.324; MSA 9.140(24), provides:

*Permits for driveways shall be granted in conformity with rules promulgated by the highway authority which shall be consistent with the public safety and based upon the traffic volumes, drainage requirements and the character of the use of land adjoining the highway and other requirements in the public interest.* Rules shall prescribe reasonable standards for the design and the location of driveways and may require that driveways shall be hard-surfaced. The provisions of this section shall not be deemed to deny reasonable access to a nonlimited access highway. [Emphasis added.]

Section 5 of the act, MCL 247.325; MSA 9.140(25), provides:

The department of state highways shall make rules necessary for the administration of this act in accordance with the provisions of Act No. 88 of the Public Acts of 1943, as amended, being sections 24.71 to 24.80 of the Compiled Laws of 1948, and subject to Act No. 197 of the Public Acts of 1952, as amended, being sections 24.101 to 24.110 of the Compiled Laws of 1948. *The boards of county road commissioners may adopt by reference the rules, in whole or in part, of the department of state highways or may adopt its own rules after a public hearing of which notice has been given by publication at least twice in a newspaper circu-*

*lated in the county not more than 30 days nor less than 7 days prior to the hearing. [Emphasis added.]*

Finally, § 6 of the act, MCL 247.326; MSA 9.140(26), provides:

A permit shall not be issued unless all the requirements of this act, and of rules made pursuant to section 5, are met. A permit may be revoked by the highway authority issuing it if at any time the permitted object, use, or activity fails to meet the requirements of this act or rules made in accordance with section 5.

In the instant case, the parties stipulated that the rules and regulations adopted by the Wayne County Road Commission were adopted pursuant to the statute after proper publication and hearing. There also was no dispute that the rules were adopted for the purpose of efficient and safe access to highways from private property. As required by § 4 of the act and the Wayne County rules, a determination of the requirements of each applicant is based upon traffic volume, drainage requirements, the type of use contemplated by the adjoining land and other requirements in the public interest. The Wayne County Road Commission rules state that a passing lane on the opposite side of the highway from a proposed commercial, industrial or multiple residential driveway is required when traffic volume reaches at least 7,700 vehicles in two hours, with twenty or more peak-hour left turns. In the instant case, there was estimated to be a twenty-four-hour volume in 1981 of 15,280 vehicles and a projected eighty-three left turns during peak-hour traffic.

Defendants determined that the commercial nature of the development and the volume of traffic

on Sibley Road necessitated the installation of a passing lane on the opposite side of the road to allow for safe and efficient left-turn traffic. Because of the location of plaintiff's driveway in relation to Emit Street and the Van Cleef drain, some modifications to those structures would also be required.

We believe that the rules and procedures promulgated by defendants were well within the authority conferred upon them by the driveways, banners, events and parades act and satisfied the purpose of the act. Furthermore, the improvements required of plaintiff by defendants were consistent with their published, properly promulgated rules.

Plaintiff argues that two recent cases dealing with similar circumstances should be controlling by analogy. However, *Arrowhead Development Co v Livingston Co Road Comm,* 413 Mich 505; 322 NW2d 702 (1982), and *Harrison Charter Twp v Calisi,* 121 Mich App 777; 329 NW2d 488 (1982), are not controlling in that they involved different statutes and materially different facts.

Next, plaintiff claims that the denial of the driveway permit constitutes a taking of private property without just compensation in contravention of Const 1963, art 10, § 2 and the 14th Amendment to the United States Constitution, and that it was a denial of equal protection guaranteed by Const 1963, art 1, §§ 2 and 17 and the 14th Amendment of the United States Constitution. We disagree with plaintiff that the act of denying plaintiff a permit unless he made the improvements was a taking. In regard to plaintiff's equal protection claim, plaintiff claims it was treated differently than a nearby landowner, Koza. However, we note that Koza agreed to accept the offer to defer construction until he was more financially

able, while plaintiff was offered the same arrangement but declined. In addition, the site chosen by Koza did not require as much work for the installation of a passing lane and some of the work required by Koza's site was completed by the Michigan Department of Transportation for unrelated reasons. Therefore, we find no disparate treatment.

The decision of the trial court is affirmed.

Affirmed.