SMITH v EDWARDS

Docket No. 222596. Submitted May 9, 2001, at Grand Rapids. Decided January 15, 2002, at 9:00 A.M.

Charles L. Smith, individually and as trustee of the Charles L. Smith Trust, Lois A. Smith, and Laurette Walsh brought an action in the Livingston Circuit Court against James F. Edwards and the Livingston County Board of County Road Commissioners, seeking declaratory and injunctive relief to prevent Edwards from constructing a paved driveway over an easement to a nearby cul-de-sac. Rita and Derek Lamport were allowed to intervene in the action as defendants. The Smiths possess a private easement for ingress, egress, and public utilities across property that is adjacent to theirs and is owned by the Lamports. The easement serves as a gravel driveway to and from the cul-de-sac for both the Smiths' and the Lamports' property. Edwards, who also owns property adjacent to the Lamports, but not adjacent to the cul-de-sac, purchased from the Lamports a nonexclusive easement for ingress and egress to and from the cul-de-sac. A portion of Edwards' easement overlaps the Smiths' easement. The board of county road commissioners granted Edwards a construction permit. The court, Daniel A. Burress, J., granted summary disposition in favor of all defendants. The plaintiffs appealed.

The Court of Appeals held:

1. The Lamports' property over which Edwards has an easement interest adjoins a highway (the cul-de-sac). The driveway act defines "driveway" to mean a driveway, lane, road, or any other way providing vehicular access to or from the highway from or to property adjoining the highway. MCL 247.321(a). The act does not require that a person seeking a permit to construct a driveway over property adjoining a highway be the owner of the property adjoining the highway. The act does not preclude the owner of an easement that adjoins a highway from applying for a permit for a driveway over that easement.

2. The grant of the easement to Edwards did not modify the Smiths' easement. The plaintiffs failed to establish any genuine issue of material fact regarding whether Edwards' easement would

interfere with the plaintiffs' use of their easement. Summary disposition was proper.

Affirmed.

1. HIGHWAYS — DRIVEWAYS.

The driveway act provides that no driveway is lawful except pursuant to a permit issued in accordance with the act, unless otherwise provided (MCL 247.322).

2. HIGHWAYS — DRIVEWAYS — EASEMENTS.

The driveway act defines "driveway" as meaning, in part, a driveway, lane, road, or any other way providing vehicular access to or from a highway from or to property adjoining the highway; the act does not require that a person seeking a permit to build a driveway over property adjoining a highway be the owner of the property adjoining the highway; the owner of an easement that adjoins a highway may apply for a permit to build a driveway over that easement (MCL 247.321[a]).

*Jaffe, Raitt, Heuer & Weiss, P.C.* (by *George A. Sumnik*), for the plaintiffs.

*Brennan & Burns* (by *Paul E. Burns* and *Theresa M. Brennan*), for James F. Edwards.

*McCririe Cameron & Hanson* (by *Douglas D. Cameron*), for Rita and Derek Lamport.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Michael C. Levine* and *Heather S. Meingast*), for the Livingston County Board of County Road Commissioners.

Before: COLLINS, P.J., and HOEKSTRA and GAGE, JJ.

PER CURIAM. In this case arising from a property dispute, plaintiffs appeal as of right the trial court's grants of summary disposition in favor of all defendants. We affirm.

The underlying facts in this case are undisputed. Plaintiffs Charles Smith and Lois Smith (the Smiths) owned property located at a Cantaberry Court address in Livingston County. By deed dated October

19, 1992, the Smiths possessed a "30 foot wide Private Easement for Ingress, Egress, and Public Utilities" (Smith easement) across the adjacent property that intervening defendants Rita Lamport and Derek Lamport (the Lamports) now own. The Smith easement over the Lamport property serves as a gravel driveway for both parcels. Although the Smiths continue to reside in a home located at the Cantaberry Court address, they transferred this property and easement to plaintiff Charles L. Smith Trust ("Smith Trust") for estate planning purposes.

Defendant James Edwards owns forty acres of land adjacent to the west of the Lamports' property. In April 1998, Edwards purchased from the Lamports a nonexclusive easement for ingress and egress (Edwards easement). A portion of this easement, approximately 140 feet, overlaps the Smith easement. Edwards proposed to construct a paved road over his easement from his property to the Cantaberry Court cul-de-sac, which includes the 140-foot overlap of the Smith easement. Pursuant to Edwards' request, defendant Livingston County Board of County Road Commissioners (LCRC) granted Edwards a permit to construct an approach to the Cantaberry Court cul-de-sac.

In September 1998, plaintiffs[1] filed a complaint against Edwards and the LCRC, seeking a declaratory judgment and injunctive relief that would prevent Edwards from building the proposed paved road and that would direct the LCRC to, among other things, reexamine Edwards' application and rescind its per-

---

[1] "Plaintiffs" includes the Smiths, the Smith Trust, and Laurette Walsh, who owns a lot abutting Cantaberry Court.

mission to build the approach pending the outcome of an investigation. In March 1999, the Lamports requested leave to intervene in the case pursuant to MCR 2.209(A)(3), and the trial court granted that motion.

Thereafter, in April 1999, Edwards and the Lamports moved for summary disposition in accordance with MCR 2.116(C)(8) and (C)(10). The LCRC later joined in this motion. Then, plaintiffs filed a cross-motion for summary disposition in accordance with MCR 2.116(I).

During a June 1999 hearing, plaintiffs asserted that Edwards could not make improvements to the overlapping easements by cutting down trees and paving because the Smith easement constituted a private driveway. Plaintiffs argued that the language in the Smith easement, describing it as private, made that easement exclusive. However, they admitted that the term exclusive was not used in the language describing the Smith easement and that the Lamports shared the driveway. Finally, plaintiffs argued that several factual issues remained unresolved, including the parties' intent when creating the easement, making summary disposition inappropriate.

Contrary to plaintiffs' arguments, Edwards argued that summary disposition was appropriate because there was no evidence to indicate that the Smith easement was exclusive. According to all defendants, if the Smith easement had been intended to be exclusive, that term would have been used, and, further, that the use of the word "private" did not equal "exclusive." They pointed out that plaintiff Charles Smith was a "sophisticated" real estate developer and knew the proper language to use to make an ease-

ment exclusive. The Lamports also argued that, as owners of the property subject to the easements, they were entitled to allow Edwards to use the Smith easement and were only required, under the language contained in the Smith easement, to provide the Smiths with use of the easement for ingress, egress, and public utilities. The Lamports maintained that they could grant an easement to anybody as long as the subsequent grant did not interfere with the Smiths' use of their easement.

After concluding that discovery was complete and finding that there were no material questions of fact, the trial court granted Edwards' and the Lamports' motion for summary disposition. The trial court framed the question before it as whether plaintiffs, meaning the Smiths, who are the dominant estate, can prevent the servient estate from increasing the burden on the easement where the increased burden would not substantially alter the dominant estate's use of the easement. The trial court reasoned that summary disposition was proper because the Smiths could still use the easement as a private drive, although not an exclusive drive, even if Edwards also was granted the right to use the easement.[2]

Thereafter, the LCRC moved to have itself dismissed as a party to the action. During the hearing thereon, the trial court clarified that the LCRC's motion was effectively a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Plaintiffs contended, among other arguments, that the motion should be denied because the permit that the LCRC issued was

---

[2] Although the trial court's order initially indicated it was a final disposition of all issues in the case, the trial court later amended the order, noting that the claims against defendant LCRC were still pending.

invalid for the reason that the LCRC's reliance on the driveway act, MCL 247.321 *et seq.*, as authority to issue the permit was improper. Specifically, plaintiffs argued that the act was inapplicable because the definition of "driveway" contained within the act referred to the means of access "from or to property adjoining the highway," but the Edwards' property did not adjoin a public highway. According to plaintiffs' interpretation of the statute, for the permit to be valid the "property adjoining the highway" must belong to the person petitioning for the permit.

Weeks later, the trial court granted summary disposition in favor of the LCRC. The trial court found that there were no genuine issues of material fact, and it concluded that summary disposition under MCR 2.116(C)(8) was appropriate because plaintiffs had failed to state a valid claim against the LCRC. The trial court reasoned that plaintiffs' interpretation of the act, which would require Edwards' property to adjoin a public highway, was far too narrow a reading of the statute. Plaintiffs now appeal as of right the trial court's grants of summary disposition in favor of all defendants.[3]

We review de novo a trial court's grant of summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998); *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 469; 628 NW2d 577 (2001). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint and "may be granted only where the claims

---

[3] Plaintiffs moved in the trial court for a temporary restraining order, for an injunction pending appeal, and to stay enforcement of the orders dismissing plaintiffs' claims pending appeal, but the trial court denied these motions.

alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.'" *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). "In evaluating a motion for summary disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion" to determine whether a genuine issue regarding any material fact exists. *Maiden, supra* at 120. If the nonmoving party fails to present evidentiary proofs showing a genuine issue of material fact for trial, summary disposition is properly granted. *Smith v Globe Life Ins Co*, 460 Mich 446, 455, n 2; 597 NW2d 28 (1999). Further, resolution of one of the issues on appeal requires statutory interpretation, which is a question of law that we review de novo. *Etefia, supra.*

Plaintiffs first argue that the LCRC had no authority under the driveway act, MCL 247.321 *et seq.*, to grant Edwards a permit to construct a private driveway approaching Cantaberry Court. Plaintiffs focus their analysis on the definition of "driveway" provided in the act, arguing that because the private driveway was to provide ingress and egress to property that did not physically adjoin the cul-de-sac, it does not qualify as a "driveway" as defined in the act, and therefore the permit is void. In other words, plaintiffs conclude that the trial court erred in granting summary disposition in favor of the LCRC because Edwards' property is not "adjoining the highway," and thus the LCRC had no authority to grant the permit because

"there cannot be a 'driveway' as defined in the [d]riveway [a]ct." We disagree with plaintiffs' narrow interpretation of the driveway act.

Our Supreme Court has explained the well-established rules of statutory construction:

> The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide "the most reliable evidence of its intent . . . ." If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent. [*Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999) (citations omitted).]

Generally, terms not defined within the statute should be given their ordinary meaning. MCL 8.3a; *Kent Co Aeronautics Bd v Dep't of State Police*, 239 Mich App 563, 578; 609 NW2d 593 (2000). When a word is not defined in a statute, it is entirely appropriate for a court to consult a dictionary to ascertain the ordinary meaning. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994); *Kent Co Aeronautics Bd, supra*.

Our Legislature enacted the driveway act for practical and public safety reasons, see MCL 247.324, and "to regulate driveways . . . , to promulgate rules for the regulation, and to prescribe requirements for the issuance of permits therefor," *Loyer Educational Trust v Wayne Co Rd Comm'n*, 168 Mich App 587, 591; 425 NW2d 189 (1988), citing 1969 PA 200, Statement of Purpose. The act provides in relevant part

that "[n]o driveway, banner or parade is lawful except pursuant to a permit issued in accordance with this act unless otherwise provided." MCL 247.322. Further, the act proscribes the issuance of a permit unless all the requirements of the act and the rules made for the administration of the act are met. MCL 247.326, citing MCL 247.325. The driveway act provides its own definition of "driveway":

> "Driveway" means a driveway, lane, road or any other way providing vehicular access to or from the highway from or to property adjoining the highway but does not mean a city or village street or other highway covered by the provisions of [the Land Division Act, MCL 560.101 *et seq.*]. [MCL 247.321(a).]

It is beyond dispute that the property that the Lamports own and over which Edwards has an easement interest adjoins a highway as required by the act. Accordingly, the dispute between the parties is whether the act requires by virtue of the definition of "driveway" that Edwards' property, which will benefit from the permit, be *the* property adjoining the highway or whether it is sufficient under the statutory definition of "driveway" that *any* property adjoins the highway. Plaintiffs' argument, in essence, is that the driveway act is inapplicable when someone other than the fee owner of the property adjoining the highway is the person seeking to construct a driveway to the highway. We conclude that no language in the statute restricts *who* obtains a permit to construct a driveway over property adjoining a highway.[4]

---

[4] Obviously, someone seeking to construct a driveway over someone else's property that adjoins a highway is limited in the ability to do so

We see no reason to interpret the statutory defini-
tion of "driveway" as narrowly as plaintiffs propose.
Rather, the plain language of the statute merely
requires that the driveway provide "vehicular access
to or from the highway from or to property adjoining
the highway," MCL 247.321(a), which would be the
case here, albeit over property not owned by the per-
son seeking the permit, i.e., Edwards. Nothing in the
statute requires the person seeking the permit to own
the property adjoining the highway over which that
person seeks to construct a driveway.[5] The driveway
act does not preclude the owner of an easement that
adjoins a highway from applying for a permit for a
driveway over that easement. Plaintiffs' narrow read-
ing of the statute would merely place an artificial and
unwarranted restriction on the issuance of driveway
permits, that being that only owners in fee of prop-
erty adjoining a highway may properly be granted a
driveway permit, that neither the words nor the pur-
pose of the act require. Here, where Edwards has an
easement for a driveway over property adjoining a
highway, the definition of "driveway" in the act does
not prohibit the issuance of a permit. Because we
conclude that the language of the statute is unambig-
uous and hence the intent of the Legislature is clear,
no judicial construction is permitted. *Sun Valley,
supra.* The trial court did not err in granting summary
disposition in favor of the LCRC.

Next, plaintiffs argue that the trial court erred in
granting summary disposition in favor of Edwards

---

absent an agreement with the owner of the property adjoining the
highway.

[5] Plaintiffs have not cited, nor are we aware of, other statutes or a local
ordinance that are more restrictive than this act. See MCL 247.322.

and the Lamports concerning the scope and use of the Smith easement because the trial court took no evidentiary testimony and considered no presentation of facts regarding the intent underlying the grant of the Smith easement and the impairment of the Smith easement resulting from the installation and use of a paved private road. Plaintiffs suggest that summary disposition was improper because the trial court should have determined the Smiths' rights and obligations concerning the Smith easement and whether the grant of the Edwards easement materially altered the Smith easement.

To the extent that plaintiffs focus their legal argument, citing *Schadewald v Brulé*, 225 Mich App 26, 36; 570 NW2d 788 (1997), on the alleged prohibited unilateral modification of the Smith easement, their argument is without merit. The grant of the successive easement to Edwards in no way modified the Smith easement. More specifically, despite the grant of the Edwards easement, the Smiths maintain the "30 foot wide Private Easement for Ingress, Egress, and Public Utilities." In other words, the Smiths may still use the Smith easement for access to and from their house and for public utilities.

Plaintiffs further claim that "the trial court failed to recognize the significant impairment caused to the Smith easement by the installation of the roadway." However, as the persons opposing the motion for summary disposition, plaintiffs were required to bring forth evidence to demonstrate a genuine issue of material fact regarding that claim. *Maiden, supra* at 121; *Smith, supra*. While it is true that Michigan courts have determined that the owner of a fee subject to an easement may rightfully use the land only

for a purpose consistent with the rights of the owner of the easement, *Lakeside Associates v Toski Sands*, 131 Mich App 292, 300; 346 NW2d 92 (1983), quoting *Harvey v Crane*, 85 Mich 316, 322-323; 48 NW 582 (1891); *Lee v Fidelity Life & Income Mut Ins Co*, 2 Mich App 82, 86-87; 138 NW2d 545 (1965), it was incumbent on plaintiffs to present to the trial court evidence that a genuine issue of material fact exists concerning whether the grant of the successive easement by the owner of the servient parcel is inconsistent with or impairs the initial easement. Our Supreme Court has explained:

> A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial.
>
> . . . The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion. A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules. [*Maiden, supra* at 121.]

See also *Smith, supra*; *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 192-193; 540 NW2d 297 (1995) ("A party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact.").

Here, plaintiffs' attorney made representations about the possible impairments to the Smiths' use of the Smith easement; however, plaintiffs failed to sup-

port those representations with affidavits, depositions, admissions, or other evidence. Although plaintiffs attached an affidavit of plaintiff Charles Smith and an affidavit of Herbert Munzel, a licensed professional engineer, these affidavits failed to establish a genuine issue of material fact. Neither affidavit provided any indication that the use of the Edwards easement would interfere with the Smiths' use of their easement for ingress, egress, or public utilities. The Charles Smith affidavit addresses the chain of ownership of the parcels of property and the history of the construction of the cul-de-sac at the end of Cantaberry Court. The Munzel affidavit merely indicates that Edwards' proposed driveway would encroach on the easement of plaintiffs Smiths' driveway and that the proposed driveway would require the cutting down of trees and a "new configuration" of the driveway currently used by the Smiths. However, it does not indicate that the Smiths' ingress or egress or the public utilities will be impaired. Because plaintiffs failed to establish, with documentary evidence, any genuine issues of material fact regarding whether the Edwards easement would interfere with plaintiffs' use of the Smith easement for ingress, egress, or public utilities, plaintiffs failed to meet their burden and summary disposition was proper.[6]

Affirmed.

---

[6] To the extent that plaintiffs appear to argue that the trial court erred in granting summary disposition before it made certain findings of fact, we find this contention erroneous. It is well settled that the trial court should never decide disputed factual questions when deciding a motion for summary disposition. *Schram v Chambers*, 79 Mich App 248, 252; 261 NW2d 277 (1977).