VAN ZANTEN v H VANDER LAAN COMPANY, INC

Docket No. 134879. Submitted February 3, 1993, at Grand Rapids. Decided June 8, 1993, at 9:10 A.M.

Mary Van Zanten brought an action in the 58th District Court against H. Vander Laan Company, Inc., alleging breach of contract, breach of warranty, and violation of the Consumer Protection Act with regard to a roofing job performed by the defendant on the plaintiff's house. The court, John Galien, Jr., J., found in favor of the plaintiff with regard to the breach of warranty claim, granted a money judgment, and awarded interest, costs, and attorney fees. The Ottawa Circuit Court, Calvin L. Bosman, J., set aside the award of costs and attorney fees, ruling them not awardable because the plaintiff was not a prevailing party in view of the fact that the money judgment was less than the amount she had sought in her complaint and the fact that the district court had found no merit to the claim under the Consumer Protection Act. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. Where there is only one cause of action, it is not necessary for a plaintiff to recover the full amount of damages prayed for in order to be considered a prevailing party for purposes of an award of costs and fees.

2. It was necessary for the plaintiff to prevail on only one theory of recovery in order to be considered a prevailing party. Each of the theories sought recovery for the same injury, and recovery under any theory would have allowed the plaintiff to recover the full measure of her damages.

Reversed.

*Donald H. Hann,* for the plaintiff.

*Garlington & Associates* (by *William J. Garlington*), for the defendant.

Before: TAYLOR, P.J., and SAWYER and MURPHY, JJ.

Per Curiam. Plaintiff appeals from an order of the circuit court reversing the judgment entered by the district court in favor of plaintiff on her complaint against defendant. We reverse and reinstate the district court judgment.

Plaintiff and her late husband contracted with defendant to repair the roof on plaintiff's home. Defendant guaranteed the roof not to leak for five years. The roof leaked. After several unsuccessful attempts to fix the roof, plaintiff hired another roofer, who replaced the roofing and solved the leaking problem. Plaintiff brought suit, alleging three theories: breach of contract, breach of warranty, and violation of the Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* The district court found that defendant had not violated the Consumer Protection Act, but did rule in favor of plaintiff on the breach of warranty claim. Although plaintiff's complaint prayed for judgment in the amount of $3,281.25 plus interest, costs, and attorney fees, the district court only awarded $2,108.22 plus interest, costs, and attorney fees.

Defendant appealed to the circuit court, arguing that the award of costs and attorney fees was in error. The circuit court concluded that plaintiff was not entitled to an award of costs and attorney fees under MCL 600.2591; MSA 27A.2591 because she was not a "prevailing party" within the meaning of the statute. Accordingly, the circuit court set aside the award of costs and attorney fees, and remanded the matter to the district court for entry of a judgment in accordance with the circuit court opinion. Plaintiff then sought and was granted leave to appeal to this Court.

Plaintiff argues that she was a prevailing party within the meaning of the statute and, therefore, is entitled to the award of costs and attorney fees.

We agree. The circuit court cited two reasons why plaintiff was not a prevailing party: (1) she had received less than the full amount of the damages prayed for in her complaint and (2) she had not prevailed on all theories, namely, she had not prevailed on the claim under the Consumer Protection Act.

With respect to the first reason, that plaintiff received less than the full amount of damages prayed for in her complaint, this issue was addressed in *McMillan v Auto Club Ins Ass'n,* 195 Mich App 463, 466; 491 NW2d 593 (1992). The *McMillan* Court concluded that where there is a single cause of action, it is not necessary for a plaintiff to recover the full amount of damages prayed for in order to be considered a prevailing party in determining the award of costs and fees. Accordingly, in the case at bar, the fact that plaintiff recovered less than the full amount of damages prayed for in her complaint does not mean that she is not a prevailing party.

With respect to the second reason cited by the trial court, plaintiff's failure to prevail on the claim under the Consumer Protection Act, we are similarly unpersuaded that that disqualifies plaintiff from being considered a prevailing party. Although plaintiff did plead three different theories of why she was entitled to recover damages against defendant, each of those theories sought to recover for the same injury and recovery under any theory would have allowed plaintiff to recover the full measure of her damages. Accordingly, it was necessary for plaintiff to prevail only on one theory in order to be considered a prevailing party. See 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.625, comment, § 3, p 723.

For the above reasons, we conclude that the

circuit court erred in determining that plaintiff was not a prevailing party and, therefore, not entitled to the recovery of costs and attorney fees. Thus, the circuit court erred in reversing the judgment of the district court.

The decision of the circuit court is reversed and the judgment of the district court is reinstated. Plaintiff may tax costs.