HA SMITH LUMBER & HARDWARE COMPANY v DECINA

Docket No. 238521. Submitted June 4, 2003, at Detroit. Decided September 16, 2003, at 9:00 A M. Leave to appeal sought.

H.A. Smith Lumber & Hardware Company, a subcontractor, brought an action under the Construction Lien Act (CLA), MCL 570.1101 *et seq.*, in the Oakland Circuit Court against Linas and Lydia Gobis after the Gobises' general contractor and building company, John Decina and John Decina Development Company, failed to pay Smith for labor and materials provided during the construction of the Gobises' home. Smith alleged breach of contract and violation of the Michigan builders trust fund act (MBTFA), MCL 570.151 *et seq.*, against John Decina, and later amended its complaint to include a claim against another subcontractor, Williams Glass Company. Williams filed actions against all the parties. The Gobises filed separate cross-claims against Decina and Decina Company, alleging breach of contract, and Decina Company filed a counterclaim against the Gobises, seeking additional payment beyond the parties' contract price. A mediation panel determined that the Gobises should pay Smith and Williams, but otherwise concluded that the Gobises had no cause of action. The Gobises rejected the evaluation, while Decina, Decina Company, Smith, and Williams accepted the evaluation. The court, J. Phillip Jourdan, J., ultimately denied the Gobises' motions for summary disposition against Smith and Williams, but granted the motion with regard to Decina Company, concluding that Decina Company could not recover against the Gobises because it was not a licensed builder. After a bench trial, the court concluded that the Gobises did not have a cause of action against Decina or Decina Company. The court also concluded that Smith and Williams' construction liens did not attach to the Gobises' property because the Gobises had paid Decina Company the entire contract price. The court awarded attorney fees to Smith and Williams against Decina. Decina and Decina Company moved for a new trial and for mediation sanctions against the Gobises. The court denied the motions. Decina and Decina Company appealed.

The Court of Appeals *held*:

1. The Court of Appeals does not have jurisdiction over the claim by Decina, Decina Company, and Smith that the trial court erred in limiting Decina's testimony regarding amendments to the written contract with the Gobises, because the trial court entered judgments in favor of these defendants on related claims, and thus the defendants were not aggrieved parties under MCR 7.203(A).

2. The trial court did not err in concluding that Decina and Decina Company violated the MBTFA, MCL 570.151, because it is proper to infer in a civil action under the MBTFA that a fraudulent appropriation occurs where a contractor has received payment of construction funds but does not pay its subcontractors. MCL 570.153. Here, it is undisputed that Decina failed to pay Smith and Williams.

3. The trial court did not clearly err in concluding that Decina is personally liable on the contract with Smith because Decina was acting as the agent of an undisclosed principal, Decina Company, when Decina entered into the contract with Smith. An agent must bring to the other party knowledge of the agency relationship, otherwise the agent will be bound.

4. John Decina was properly ordered to pay attorney fees to Smith and Williams pursuant to the CLA, because the subcontractors were "prevailing parties" under the CLA since the subcontractors prevailed on their alternative claims of breach of contract, which claims were based on the same injury or loss underlying the CLA claims. MCL 570.1118(2).

5. The trial court erred in denying Decina and Decina Company's request for mediation sanctions. At the relevant time, MCR 2.403(O)(4) provided that in cases involving multiple parties, as here, in determining whether a verdict is more favorable to a party than the mediation evaluation for purposes of awarding mediation sanctions, the court must consider only the amount of the evaluation and verdict as to the particular pair of parties. Here, the court was required to consider only the claims between the Gobises and Decina, and the Gobises and Decina Company. However, "costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation." MCR 2.403(O)(4)(a). Under this subrule, only the aggregate verdict of the actions in which the Gobises are plaintiffs is properly compared to the aggregate mediation evaluation for those same claims. In this case, the mediation panel's evaluation of the Gobises cross-claims against Decina and Decina Company was of no cause of action, which is the same as zero. At the bench trial, the court ruled that the Gobises had no cause of action against Decina or Decina Company. The no cause of action verdict is deemed more favorable to

Decina and Decina Company, MCR 2.403(O)(3), and the matter must be remanded to the court for an award of sanctions.

6. The trial court properly granted summary disposition in favor of the Gobises regarding Decina Company's breach of contract counterclaim because the Michigan residential builders act, MCL 339.2412, specifically bars an unlicensed builder from maintaining an action for compensation on a residential construction contract. It is undisputed that Decina Company was not licensed during the performance of the contract, and it is immaterial that John Decina held a license because Decina and Decina Company cannot be considered the same entity for licensing purposes.

Affirmed in part, reversed in part, and remanded for further proceedings with regard to the motion for mediation sanctions.

PRETRIAL PROCEDURE — MEDIATION — SANCTIONS.

For purposes of the court rule that provides that mediation sanctions "may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation," only the aggregate verdict of the actions in which the plaintiff is actually a "plaintiff" is properly compared to the aggregate mediation evaluation for those same claims. (MCR 2.403[O][4][a].)

*Jerome & Austin, P.C.* (by *James R. Austin*), for H.A. Smith Lumber & Hardware Company.

*Jonas Sniokaitis* for Linas and Lydia Gobis.

*Rosati Associates, P.C.* (by *A.D. Rosati*), for John Decina and John Decina Development Company.

Before: TALBOT, P.J. and NEFF and KELLY, JJ.

KELLY, J. In this construction contract case, John Decina (Decina) and John Decina Development Company (Decina Co.), appeal as of right a judgment, entered following a bench trial, ordering Decina to pay $9,233 in damages plus $9,000 in attorney fees to H.A. Smith Lumber and Hardware Company (Smith), and $5,355 in damages plus $3,000 in attorney fees to William Gardella, doing business as Williams Glass Company (Williams). Decina and Decina Co. also appeal the trial court's order denying their request for

mediation sanctions against Linas and Lydia Gobis.
We affirm in part, reverse in part, and remand for further proceedings.

I. FACTS AND PROCEDURE[1]

A. FACTS

In May 1997, the Gobises entered into a contract with Decina Co. to construct a custom home. The construction contract allowed for the purchase of various interior fixtures. The Gobises were to pay the difference if the cost exceeded the amount allowed. The Gobises understood that if the cost was less than the amount allowed, the balance would be subtracted from the last payment. A construction loan agreement between the Gobises and First Chicago NBD Mortgage Company provided that Decina Co. would receive five payments, in the form of draws on the bank, totaling $365,400.

During construction, Decina subcontracted with Smith and Williams to provide materials and labor. A certificate of occupancy was secured on March 1, 1999. However, the Gobises withheld the final payment because of uncompleted tasks and unexpended allowances. Decina, however, demanded the final payment, as well as additional money on the basis of unwritten amendments to the contract. It is uncontested that Decina did not pay subcontractors Smith and Williams for the labor and materials they provided.

---

[1] We omit facts and procedure with regard to parties not participating in this appeal.

B. PROCEDURE

In June 1999, Smith filed a complaint against Decina and the Gobises. Against the Gobises, Smith alleged quantum meruit and sought foreclosure of a construction lien on the Gobises' property for the amount owed on the contract with Decina, under the Construction Lien Act (CLA), MCL 570.1101 *et seq.* Against Decina, Smith alleged breach of contract and violation of the Michigan builders trust fund act (MBTFA), MCL 570.151 *et seq.* Smith later amended the complaint to add Williams as a defendant after learning that Williams also had a construction lien on the Gobises' property.

The Gobises filed a cross-claim against Decina, alleging breach of contract and seeking indemnification against Smith's claims. Williams filed a third-party complaint against Decina Co., a countercomplaint against Smith, and a cross-claim against the Gobises. Williams alleged breach of contract, quantum meruit, and promissory estoppel against Decina Co., violation of the MBTFA against Decina and Decina Co., and sought foreclosure on its lien against the Gobises' property. After Decina Co. was named a third-party defendant, the Gobises filed a cross-claim against the company alleging breach of contract and seeking indemnification against Smith's claims. Decina Co. filed a counterclaim against the Gobises, alleging that amendments to the contract required payment of an additional $38,700 above the contract price and that the Gobises owed $36,380 under the original contract.

On May 5, 2000, a mediation panel determined that the Gobises should pay $8,000 to Smith and $4,500 to

Williams. With respect to all other claims, including the Gobises' cross-claims, the panel rendered an evaluation of no cause of action. The Gobises rejected the evaluation. Decina, Decina Co., Smith, and Williams accepted.

The Gobises filed a motion for summary disposition against Smith, Williams, and Decina Co. under MCR 2.116(C)(8) and (C)(10), arguing that subcontractors cannot recover against a homeowner on the basis of a contract between a subcontractor and the general contractor. The Gobises also argued, under the Michigan residential builders act, MCL 339.2401 *et seq.*, that Decina Co. could not recover compensation because it was not a licensed builder.[2] The trial court granted the Gobises' motion and dismissed the breach of contract claims asserted by Smith, Williams, and Decina Co. The trial court later granted Smith and Williams' motions for reconsideration but denied a similar motion by Decina Co.

After a bench trial, the trial court ruled that the Gobises did not have a cause of action against Decina and Decina Co., but found that the Gobises had paid the entire contract amount to Decina Co. The trial court also found that Smith and Williams had valid liens, but they did not attach to the Gobises' property because the Gobises paid Decina Co. in full. The trial court awarded Smith $9,233 in damages plus $9,000 in attorney fees against Decina. It also awarded Williams $5,333 in damages plus $3,000 in attorney fees against Decina. Decina and Decina Co. moved for a new trial and for mediation sanctions against the Gobises. The

---

[2] Decina Co. had never been licensed while Decina, whose license had been suspended, was licensed from May 31, 1998, to May 31, 1999.

trial court denied these motions, leading to this appeal.

## II. EVIDENCE OF CONTRACT AMENDMENTS

Decina, Decina Co., and Smith argue that the trial court erred in limiting Decina's testimony about amendments to the contract between Decina and the Gobises because the evidence was relevant to their defense against the Gobises' cross-claims. We do not have jurisdiction over this issue. This Court only has jurisdiction over appeals filed by an "aggrieved party." MCR 7.203(A); *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994). Here, the trial court entered a judgment of no cause of action against Decina and Decina Co. on the Gobises' cross-claims. Similarly, the trial court awarded Smith the full amount of damages it sought. Because the final orders are in the defendants' favor, they are not "aggrieved" and are not entitled to an appeal as of right. *Id.*

## III. THE MICHIGAN BUILDERS TRUST FUND ACT

Decina and Decina Co. argue that the trial court erred in finding that they violated the MBTFA because there was no evidence that Decina used the Gobises' payments to pay subcontractors on other projects. We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's factual findings are reviewed for clear error. *Christiansen v Gerrish Twp*, 239 Mich App 380, 387; 608 NW2d 83 (2000). A finding is clearly

erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made. *Id.*

To establish a civil cause of action under the MBTFA, a plaintiff must show:

> (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. MCL 570.151 *et seq.* [*DiPonio Constr Co, Inc v Rosati Masonry Co, Inc,* 246 Mich App 43, 48-49; 631 NW2d 59 (2001).]

The MBTFA further provides:

> The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud. [MCL 570.153.]

### B. ANALYSIS

The trial court did not err in finding that Decina and Decina Co. violated the MBTFA. "[A] reasonable inference of appropriation arises from the payment of construction funds to a contractor and the subsequent failure of the contractor to pay laborers, subcontractors, materialmen, or others entitled to payment." *People v Whipple,* 202 Mich App 428, 435; 509 NW2d 837 (1993). Although *Whipple* involved a crimi-

nal prosecution for violation of the MBTFA, we find that reliance on the same inference is appropriate in a civil action under the MBTFA. At trial, there was evidence that Decina completed construction on the house and received payment from the Gobises. It is undisputed that Decina failed to pay Smith and Williams for materials and work they provided. This evidence supports a reasonable inference of appropriation.

### IV. PERSONAL LIABILITY

Decina next argues that the trial court erred in finding that Decina was personally liable on the contract with Smith. We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's findings of fact for clear error. *Christiansen, supra* at 387. Under general agency rules, an agent contracting for an undisclosed principal is personally liable for contractual obligations. *Penton Publishing, Inc v Markey,* 212 Mich App 624, 626; 538 NW2d 104 (1995). "[A] principal is considered undisclosed unless a party transacting with the principal's agent has notice that the agent is acting for the principal and notice of the principal's identity." *Id.*

### B. ANALYSIS

We are not left with a definite and firm conviction that the trial court made a mistake in finding that Decina failed to disclose to Smith that he was acting for Decina Co. when Decina completed the credit application, the written agreement between the par-

ties. When Decina completed the credit application, he wrote the type of ownership as "corporation" and listed himself as "president," but wrote the "name of Business/Individual" as "John Decina." Decina also provided his own builder's license number, not the builder's license number of Decina Co. Decina also provided his personal Social Security number instead of a corporate tax identification number. Indeed, Decina Co. was not written anywhere on the application.

Furthermore, there was no evidence that Decina disclosed the principal's identity by any other means. Decina suggests that "any confusion on the part of Smith Lumber could have been cleared by asking Decina to be more specific or by simply looking at the checks received." However, if a corporation's agent wishes to avoid personal liability for corporate debts, the duty rests upon the agent to disclose his agency, and not upon others to discover it. *Stevens v Graf*, 358 Mich 122, 126; 99 NW2d 356 (1959). It is not enough that the other party has the means of ascertaining the name of the principal; the agent must bring to the other party knowledge of his agency or the agent will be bound. *Id.* Therefore, the trial court did not err in finding that Decina was personally liable on the contract with Smith.

V. ATTORNEY FEES UNDER THE CONSTRUCTION LIEN ACT

Decina argues that the trial court erred in ordering him to pay Smith and Williams' attorney fees because, under the CLA, Smith and Williams were not prevailing parties.[3] We disagree.

---

[3] Although the trial court stated on the record that it would not award attorney fees under the CLA, its final order stated that attorney fees were

A. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to award attorney fees for an abuse of discretion. *Schoensee v Bennett*, 228 Mich App 305, 314; 577 NW2d 915 (1998). This issue also involves a question of law, which we review de novo. *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 377; 652 NW2d 474 (2002).

Attorney fees are not recoverable unless expressly allowed by statute, court rule, or judicial exception. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). The relevant portion of the CLA, MCL 570.1118(2), provides:

> In each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented, and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance, and their respective priorities. *The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party.* The court also may allow reasonable attorneys' fees to a prevailing defendant if the court determines the lien claimant's action to enforce a construction lien under this section was vexatious. Attorneys' fees allowed under this section shall not be paid from the homeowner construction lien recovery fund created under part 2. [Emphasis added.]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Solution Source, supra* at 372-373. The first step in determining legislative intent is to review the language of the statute itself. *Id.* at 373. If the stat-

---

awarded against Decina pursuant to the CLA. "[C]ourts speak through their written orders, not their oral statements." *Boggerty v Wilson*, 160 Mich App 514, 530; 408 NW2d 809 (1987).

ute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is neither required nor permitted. *Id.* But if reasonable minds can differ concerning the meaning of a statute, judicial construction of the statute is appropriate. *Id.*

B. ANALYSIS

The trial court did not err in awarding attorney fees to Smith and Williams under the CLA because in assessing attorney fees under the CLA, "prevailing party" means one who prevails in a CLA claim or a claim brought in the alternative for the same injury or loss raised in the CLA claim. The CLA is remedial and should be construed liberally to "secure the beneficial results, intents, and purposes of this act." MCL 570.1302(1); *Solution Source, supra* at 373. One of the purposes of the CLA is to protect the rights of lien claimants to payment for expenses. *Id.* at 373-374. Allowing a party to pursue both a construction lien and other in personam actions "merely gives it a better chance of recovering what it is owed." *Old Kent Bank of Kalamazoo v Whitaker Constr Co,* 222 Mich App 436, 438-439, 566 NW2d 1 (1997).

We addressed this issue with respect to the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, in *Van Zanten v H Vander Laan Co, Inc,* 200 Mich App 139, 141; 503 NW2d 713 (1993). In determining the meaning of "prevailing party" under the MCPA, we held:

> Although plaintiff did plead three different theories of why she was entitled to recover damages against defendant, each of those theories sought to recover for the same injury and recovery under any theory would have allowed plaintiff

to recover the full measure of her damages. Accordingly, it was necessary for plaintiff to prevail only on one theory in order to be considered a prevailing party. [*Id.* at 141.]

We apply the reasoning in *Van Zanten* here and hold that in assessing attorney fees under the CLA, "prevailing party" means one who prevails in a CLA claim or a claim brought in the alternative for the same injury or loss raised in the CLA claim. A party should not be precluded from recovering attorney fees simply because it recovers under an alternative theory that which it also sought under a CLA claim.

Smith and Williams sought recovery for unpaid labor and materials under the CLA and, in the alternative, under a breach of contract claim. The trial court found that Smith and Williams had valid liens that did not attach to the property because the Gobises paid the entire contract amount to Decina Co. But the trial court determined that Decina breached the contracts with Smith and Williams and so awarded them damages on their breach of contract claims. Therefore, they were "prevailing parties" for purposes of the CLA. The trial court did not err in awarding attorney fees to Smith and Williams.

VI. MEDIATION SANCTIONS[4]

Decina and Decina Co. argue that the trial court erred in denying their request for mediation sanctions

---

[4] MCR 2.403 was amended, effective August 1, 2000, to change the term "mediation" to "case evaluation." *Marketos v American Employers Ins Co*, 465 Mich 407, 411 n 6; 633 NW2d 371 (2001). Because we apply the court rule in effect at the time this case mediated, we use the term "mediation" in this opinion. Although this court rule has undergone several changes since this time, none of the changes affects our analysis in this case.

against the Gobises pursuant to MCR 2.403(O)(3). We agree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

"We review the court's decision whether to grant mediation sanctions de novo because it involves a question of law, not a discretionary matter." *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129; 573 NW2d 61 (1997). This issue also involves "interpretation of a court rule, which, like matters of statutory interpretation, is a question of law that we review de novo." *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001).

In *Marketos*, our Supreme Court set forth the proper method for interpreting court rules:

> "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. Similarly, common words must be understood to have their everyday, plain meaning." [*Id.* at 413, quoting *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000).]

In the context of mediation, a rejecting party's liability for costs is governed by MCR 2.403(O), which provides, in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a

party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

*     *     *

(3) . . . [T]he verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more that 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

(4) In cases involving multiple parties, the following rules apply:

(a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the mediation evaluation, *the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties*, rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation. [Emphasis added.]

B. ANALYSIS

### 1. "PARTICULAR PAIR OF PARTIES" UNDER MCR 2.403(O)(4)(a)

Under MCR 2.403(O)(4)(a), "[I]n determining whether a verdict is more favorable to a party than the mediation evaluation, the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties." Accordingly, in determining whether the Gobises should pay mediation sanctions to Decina and Decina Co., the trial court was required to consider only the claims

between the Gobises and Decina as a pair and the Gobises and Decina Co. as a pair.

2. IN COMPARING THE GOBISES' AGGREGATE VERDICT TO THE AGGREGATE MEDIATION EVALUATION, ONLY THOSE CLAIMS IN WHICH THE GOBISES ARE PLAINTIFFS ARE CONSIDERED.

In addition to considering only the evaluation and verdict regarding the Gobises and Decina and the Gobises and Decina Co., only the aggregate verdict of the actions in which the Gobises are *plaintiffs* is properly compared to the aggregate mediation evaluation for those same claims. Under MCR 2.403(O)(4)(a), "[C]osts may not be imposed on a *plaintiff* who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation." (Emphasis added.) This provision contains only the term "plaintiff," not "defendant," "party," or any other term describing a party's position in a case. Undefined words contained in statutes are given meaning as understood in common language, considering the text and subject matter in which they are used. *Lakeland Neurocare Centers v State Farm Mut Automobile Ins Co*, 250 Mich App 35, 40; 645 NW2d 59 (2002). "Plaintiff" is defined[5] as "A person who brings an action; the party who complains or sues in a civil action and is so named on the record. A person who seeks remedial relief for an injury to rights . . . ." Black's Law Dictionary (5th ed). On the other hand, "defendant" is defined as "The person defending or

---

[5] Because MCR 2.403 does not define "plaintiff," we may consult a dictionary for guidance. *Richards v McNamee*, 240 Mich App 444, 451; 613 NW2d 366 (2000). It is appropriate for a court to consult a dictionary in ascertaining the ordinary meaning of words in a statute. *Smith v Edwards*, 249 Mich App 199, 206; 645 NW2d 304 (2002).

denying; the party against whom relief or recovery is sought in an action or suit . . . ." *Id.* We do not believe our Supreme Court used the term "plaintiff" inadvertently. Reading this portion of the rule in context of MCR 2.403(O) as a whole, it is abundantly clear that the Court purposefully chose and placed the terms, party, plaintiff, and defendant throughout MCR 2.403(O). Accordingly, we find that the provision addressed here applies only to plaintiffs because only the term plaintiff is used. In addition, the plain language, context, and purpose of the rule compels us to conclude that when our Supreme Court used the term "plaintiff," it meant plaintiff with respect to only those *claims* in which that party is a plaintiff, not *cases* in which the party is a plaintiff with respect to only one or some of the claims.

Applying MCR 2.403(O)(3) and 2.403(O)(4)(a) to this case, we conclude that the trial court erred in denying Decina and Decina Co.'s motion for mediation sanctions. The mediation panel's evaluation of the Gobises' cross-claims against Decina and Decina Co. was no cause of action, which is the same as zero. The Gobises rejected the award and Decina and Decina Co. accepted. In a bench trial, the trial court ruled that the Gobises had no cause of action against Decina and Decina Co. Thus, the no cause of action verdict is deemed more favorable to Decina and Decina Co. under MCR 2.403(O)(3). Therefore, the trial court erred in denying Decina and Decina Co.'s motion for mediation sanctions against the Gobises.

### VII. SUMMARY DISPOSITION

Finally, Decina Co. argues that the trial court erred in denying its motion to set aside the order granting

the Gobises' motion for summary disposition of Decina Co.'s breach of contract counterclaim because the Michigan residential builder's act, MCL 339.2412, did not preclude the claim when Decina held a builder's license and Decina Co. did not. We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision regarding a motion for relief from judgment for an abuse of discretion. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999).

The Michigan residential builders act, MCL 339.2412, provides, in relevant part:

> [A] residential builder . . . shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.

This prohibition extends to counterclaims as well as complaints. *Parker v McQuade Plumbing & Heating, Inc*, 124 Mich App 469, 471; 335 NW2d 7 (1983). "The residential builders act specifically bars an unlicensed builder from maintaining an action for compensation on a residential construction contract." *Annex Constr, Inc v Fenech*, 191 Mich App 219, 220; 477 NW2d 103 (1991).

### B. ANALYSIS

Even though Decina, the sole president and shareholder of Decina Co., was licensed during performance of the contract, Decina Co. may not maintain an

action when it was never licensed. It is undisputed that Decina Co., the party that filed the counterclaim against the Gobises, never had a builder's license. Decina and Decina Co. cannot be considered the same entity for licensing purposes. *Id.* Thus, it is immaterial whether Decina had a license.

Furthermore, *Kirkendall v Heckinger*, 403 Mich 371, 374; 269 NW2d 184 (1978), which held that an unlicensed builder could obtain equitable relief when the homeowner institutes an action seeking equitable relief against it, does not apply to claims seeking money judgments. Because both the Gobises' cross-claim against Decina Co. and Decina Co.'s counter-claim against the Gobises alleged breach of contract, not equitable relief, the trial court did not err in granting the Gobises' motion for summary disposition of Decina Co.'s counterclaim. " 'Regardless of how unjust the statutory penalty might seem to this Court, it is not our place to create an equitable remedy for a hardship created by an unambiguous, validly enacted, legislative decree.' " *Stokes v Millen Roofing Co*, 466 Mich 660, 672; 649 NW2d 371 (2002), quoting *Stokes v Millen Roofing Co*, 245 Mich App 44, 57-58; 627 NW2d 16 (2001). To the extent that Decina Co. argues that MCL 339.2412 does not diminish an unlicensed builder's power to defend a claim, our review of the record reveals that Decina Co. was not deprived of its right to defend nor can it show any prejudice in this regard as it was successful in its defense against the Gobises' cross-claims.

We reverse the trial court's order denying Decina and Decina Co.'s motion for mediation sanctions and remand for further proceedings in this regard. We affirm in all other respects and do not retain jurisdiction.