H A SMITH LUMBER & HARDWARE
COMPANY v DECINA (ON REMAND)

Docket No. 238521. Submitted June 4, 2003, at Detroit. Decided March 3,
2005, at 9:00 a.m. Leave to appeal sought.

H. A. Smith Lumber & Hardware Company, a subcontractor, brought
an action under the Construction Lien Act (CLA), MCL 570.1101 *et
seq.*, and other theories in the Oakland Circuit Court against John
Decina, a general contractor, the John Decina Development Com-
pany, and others, seeking payment for labor and materials provided
for the construction of a home. The trial court, J. Phillip Jourdan, J.,
determined that liens could not be attached to the home because the
owners had paid Decina in full, awarded attorney fees to Smith
against Decina, and decided numerous other issues. Decina ap-
pealed. The Court of Appeals, TALBOT, P.J., and NEFF and KELLY, JJ.,
among other things, affirmed the attorney fee award pursuant to
the CLA because the subcontractors prevailed on their alternative
claims of breach of contract, which claims were based on the same
injury or loss underlying the CLA claims. 258 Mich App 419 (2003).
The Supreme Court remanded the case for reconsideration by the
Court of Appeals, stating that the Court of Appeals clearly erred in
concluding that the Oakland Circuit Court's final order stated that
attorney fees were awarded against Decina pursuant to the CLA.
471 Mich 925 (2004).

On remand, the Court of Appeals *held*:

Although the plaintiff prevailed under a contract claim, the
trial court did not err in assessing attorney fees under the CLA
because a prevailing party, for the purpose of determining attorney
fees under the CLA, is one who prevails in a CLA claim or a claim
brought in the alternative for the same injury or loss raised in the
CLA claim. A party is not precluded from recovering attorney fees
simply because it recovers under an alternative theory damages it
also sought under a CLA claim. The plaintiff prevailed on a breach
of contract claim that was an alternative claim to its CLA claim.
The trial court could have ordered Decina to pay the plaintiff
attorney fees pursuant to the CLA because the plaintiff was a
prevailing party under the CLA.

Affirmed.

LIENS — CONSTRUCTION LIEN ACT — ATTORNEY FEES — PREVAILING PARTY — ALTERNATIVE CLAIMS.

> Attorney fees may be awarded to a subcontractor pursuant to the Construction Lien Act when it prevails on a claim under the act or a claim brought in the alternative for the same injury or loss raised in the claim under the act (MCL 570.1101 *et seq.*)

*Jerome & Austin, P.C.* (by (*James R. Austin*), for H. A. Smith Lumber & Hardware Company.

*Rosati Associates, P.C.* (by *A. D. Rosati*), for John Decina and John Decina Development Company.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Jonas Sniokaitis*), for Linas and Lydia Gobis.

*Facca, Richter & Pregler, P.C.* (by *Patrick A. Facca* and *Matthew S. Slazinski*), for William Gardella.

ON REMAND

Before: TALBOT, P.J. and NEFF and KELLY, JJ.

KELLY, J. This case is before us by order of our Supreme Court,[1] which vacated part V of our decision in *HA Smith Lumber & Hardware Co v Decina*, 258 Mich App 419, 428-431; 670 NW2d 719 (2003), in which we concluded that the trial court properly ordered John Decina (Decina) to pay H. A. Smith Lumber and Hardware Company (Smith) and Williams Glass Company (Williams) attorney fees pursuant to the Construction Lien Act (CLA), MCL 570.1101 *et seq*. Our Supreme Court determined: "The Court of Appeals clearly erred by finding that the Oakland Circuit Court's 'final order stated that attorney fees were awarded against Decina pursuant to the CLA . . . .' 258 Mich App 419,

---

[1] 471 Mich 925 (2004).

428 n 3 (2003)." 471 Mich 925 (2004). Accordingly, that Court remanded this issue to us for reconsideration. We again affirm.

The complete facts of this case are set forth in our original opinion. But the facts relevant to the issue on remand are as follows. In the trial court, Smith and Williams both alleged claims of lien under the CLA. In a bench trial, the trial court ruled that Smith and Williams both had valid claims of lien that did not attach to the property because the property owners (Linas and Lydia Gobis) had paid the entire amount to John Decina Development Company. But the trial court determined that Decina owed Smith and Williams the amount due under a breach of contract theory, which they pleaded alternatively.

After the conclusion of the bench trial, Smith and Williams filed motions seeking attorney fees pursuant to the CLA. The trial court's final order states that Smith and Williams "each have valid claims of lien." The final order also ordered Decina to pay Smith's and Williams's attorney fees. In his appeal to this Court, Decina argued that the trial court erred in ordering him to pay Smith's and Williams's attorney fees under the CLA because Smith and Williams were not prevailing parties. Neither Smith nor Williams cross-appealed an order denying their request for attorney fees pursuant to the CLA. Yet it remains unclear whether the trial court awarded the attorney fees pursuant to the CLA because the trial court's final order does not explicitly state that the attorney fees were awarded pursuant to the CLA. Upon reconsideration, we again affirm the trial court's order granting attorney fees because, even if the trial court did not award attorney fees pursuant to the CLA, it could have properly done so.

We review a trial court's decision to award attorney fees for an abuse of discretion. *Schoensee v Bennett,* 228 Mich App 305, 314; 577 NW2d 915 (1998). This issue also involves a question of law, which we review de novo. *Solution Source, Inc v LPR Assoc Ltd Partnership,* 252 Mich App 368, 377; 652 NW2d 474 (2002).

Attorney fees are not recoverable unless expressly allowed by statute, court rule, or judicial exception. *Popma v Auto Club Ins Ass'n,* 446 Mich 460, 474; 521 NW2d 831 (1994). The relevant portion of the CLA, MCL 570.1118(2), provides:

> In each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented, and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance, and their respective priorities. *The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party.* The court also may allow reasonable attorneys' fees to a prevailing defendant if the court determines the lien claimant's action to enforce a construction lien under this section was vexatious. Attorneys' fees allowed under this section shall not be paid from the homeowner construction lien recovery fund created under part 2. [Emphasis added.]

"The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first step in determining legislative intent is to review the language of the statute itself. If the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is neither required nor permitted." *Solution Source, supra* at 372-373 (citations deleted). But, if reasonable minds can differ concerning the meaning of a statute, judicial construction of the statute is appropriate. *Id.* at 373.

The trial court could have awarded attorney fees to Smith and Williams under the CLA because, in assessing attorney fees under the CLA, "prevailing party" means one who prevails in a CLA claim or a claim brought in the alternative for the same injury or loss raised in the CLA claim. The CLA is remedial and should be construed liberally to "secure the beneficial results, intents, and purposes of this act." MCL 570.1302(1); *Solution Source, supra* at 373. One of the purposes of the CLA is to protect the rights of lien claimants to payment for expenses. *Id.* at 373-374. Allowing a party to pursue both a construction lien and other in personam actions "merely gives it a better chance of recovering what it is owed." *Old Kent Bank of Kalamazoo v Whitaker Constr Co,* 222 Mich App 436, 439, 566 NW2d 1 (1997).

We addressed this issue with respect to MCL 600.2591, which deals with frivolous actions, in *Van Zanten v H Vander Laan Co, Inc,* 200 Mich App 139, 141; 503 NW2d 713 (1993). In determining the meaning of "prevailing party," we held:

> Although plaintiff did plead three different theories of why she was entitled to recover damages against defendant, each of those theories sought to recover for the same injury and recovery under any theory would have allowed plaintiff to recover the full measure of her damages. Accordingly, it was necessary for plaintiff to prevail only on one theory in order to be considered a prevailing party. [*Id.*]

We apply the reasoning in *Van Zanten* here and hold that, in assessing attorney fees under the CLA, "prevailing party" means one who prevails in a CLA claim or a claim brought in the alternative for the same injury or loss raised in the CLA claim. A party should not be

precluded from recovering attorney fees under the CLA simply because it recovers under an alternative theory what it also sought under a CLA claim.

Smith and Williams sought recovery for unpaid labor and materials under the CLA and, in the alternative, under a breach of contract claim. The trial court determined that Smith and Williams had valid liens that did not attach to the property because Linas and Lydia Gobis paid the entire contract amount to John Decina Development Company. But the trial court determined that Decina breached the contracts with Smith and Williams and awarded them damages on their breach of contract claims. Therefore, because Smith and Williams were "prevailing parties" for purposes of the CLA, the trial court could have ordered Decina to pay them attorney fees pursuant to the CLA. This Court "will not reverse when the trial court reached the right result for the wrong reason." *Taylor v Laban,* 241 Mich App 449, 458; 616 NW2d 229 (2000).

Affirmed.