PONTIAC COUNTRY CLUB v WATERFORD TOWNSHIP

Docket Nos. 305970 and 306727. Submitted February 6, 2013, at Lansing. Decided February 12, 2013, at 9:00 a.m.

The Pontiac Country Club and its owners, Lloyd and Fran Syron, filed a petition in the Tax Tribunal challenging the assessed and taxable values of nine parcels of property in Waterford Township. Petitioners used eight of the nine parcels as a golf course and the ninth as a used car lot. The parties ultimately did not dispute the value of the used car lot. During the proceedings, respondent requested that petitioners admit several statements of fact. Petitioners failed to respond to the request, and respondent moved to deem the statements admitted. Respondent also moved for summary disposition, contending that if the statements were admitted, petitioners would not be entitled to any relief. The tribunal deemed the statements admitted, including a statement that the property was properly assessed or assessed at below market value. The tribunal, however, denied the motion for summary disposition, concluding that the true cash value of the property was still in dispute. Additional motions for summary disposition filed by the parties were also denied. Following a hearing, the tribunal determined that the property's true cash value was accurate as initially assessed. Petitioners appealed the tribunal's opinion and order finding the true cash value of the parcels (Docket No. 305970). Respondent appealed the tribunal's subsequent order denying its motion for costs (Docket No. 306727). The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. True cash value is the probable price that a willing buyer and a willing seller would arrive at through arm's length negotiation. The petitioner has the burden to establish the property's true cash value, but even if the petitioner fails to show that the assessment was too high, the Tax Tribunal has the duty to determine the property's true cash value using the approach that most accurately reflects the value of the property. The tribunal may adopt the assessed valuation on the tax rolls as its independent finding of true cash value when competent and substantial evidence supports doing so, as long as it does not afford the

original assessment presumptive validity. Generally, competent and substantial evidence supports the tribunal's determination if it is within the range of the evidence advanced by the parties. In this case, competent, material, and substantial evidence supported the tribunal's determination. The tribunal rejected the valuation proposed by petitioners' expert because it was not credible, credibility being a matter for the tribunal to determine. The tribunal also rejected the valuation proposed by the township's expert because his valuation assumed that petitioners could rezone the property, but no rezoning had occurred. The tribunal's ultimate determination was between these two extremes and, thus, was within the range of the evidence advanced by the parties.

2. Costs may be awarded to the prevailing party under MCR 2.625(A)(1). The prevailing party when a single cause of action is alleged is the party who prevails on the entire record. At the very least, the party must show that his or her position was improved by the litigation. In this case, the Tax Tribunal did not err in applying the law and did not adopt a wrong legal principle when it determined that respondent was not a prevailing party because its position did not improve as a result of the litigation. Thus, the tribunal did not abuse its discretion when it denied respondent's motion for costs on that basis.

3. A court may find that a party's action is frivolous under MCR 2.625(A)(2), and award costs, when (1) the party initiated the suit for purposes of harassment, (2) the party's legal position was devoid of arguable legal merit, or (3) the party had no reasonable basis to believe that the facts underlying its legal position were true. An appellate court must affirm the Tax Tribunal's finding concerning whether a claim was frivolous unless competent, material, and substantial evidence does not support the finding. In this case, the tribunal found that the hearing to determine the property's true cash value was not frivolous and denied the township's motion for costs. Although the tribunal had deemed that petitioners admitted that the property was properly assessed or assessed at below market value, the admission did not specify what the true cash value of the property was. The tribunal did not err when it determined that a hearing was still required for it to fulfill its statutory duty to determine the property's true cash value.

Affirmed.

1. Taxation — Property Tax — Assessments — True Cash Value.

True cash value is the probable price that a willing buyer and a willing seller would arrive at through arm's length negotiation;

the petitioner has the burden to establish the property's true cash value, but even if the petitioner fails to show that the assessment was too high, the Tax Tribunal has the duty to determine the property's true cash value using the approach that most accurately reflects the value of the property; the tribunal may adopt the assessed valuation on the tax rolls as its independent finding of true cash value when competent and substantial evidence supports doing so, as long as it does not afford the original assessment presumptive validity; generally, competent and substantial evidence supports the tribunal's determination if it is within the range of the evidence advanced by the parties.

2. COSTS — PREVAILING PARTY.

Costs may be awarded to the prevailing party under MCR 2.625(A)(1); under MCR 2.625(B)(2), the prevailing party when a single cause of action is alleged is the party who prevails on the entire record; at the very least, the party must show that his or her position was improved by the litigation.

3. COSTS — FRIVOLOUS ACTIONS — DETERMINATION — TAX TRIBUNAL — STANDARD OF REVIEW.

A court may find that a party's action is frivolous under MCR 2.625(A)(2), and award costs, when (1) the party initiated the suit for purposes of harassment, (2) the party's legal position was devoid of arguable legal merit, or (3) the party had no reasonable basis to believe that the facts underlying its legal position were true; an appellate court must affirm the Tax Tribunal's finding concerning whether a claim was frivolous unless competent, material, and substantial evidence does not support the finding.

*Law Offices of Fred Gordon, P.C.* (by *Fred Gordon*), for petitioners.

*Johnson, Rosati, Schultz & Joppich, P.C.* (by *Stephanie Simon Morita*), for respondent.

Before: JANSEN, P.J., and WHITBECK and BORRELLO, JJ.

PER CURIAM. These consolidated appeals arise from an order of the Michigan Tax Tribunal (the Tribunal) finding the taxable values of nine parcels of property in Waterford Township. In Docket No. 305970, petitioners

Pontiac Country Club, Lloyd Syron, and Fran Syron (the Country Club) appeal as of right the Tribunal's order finding the true cash value of the parcels. In Docket No. 306727, respondent, Waterford Township (the Township), appeals as of right the Tribunal's order denying its motions for costs. We affirm.

### I. FACTS

#### A. BACKGROUND FACTS

In June 2004, the Country Club challenged the assessed and taxable values of nine parcels of property located on Elizabeth Lake Road in the Township. The Country Club uses eight of the nine parcels in combination as a golf course, and the ninth as a used car lot. As the case progressed, the Country Club moved to amend its petition to include assessments for 2005 and 2006. The parties ultimately did not dispute the value of the used car lot. The Township assessed the combined true cash value of the properties at $3,919,360 in 2004; $3,862,560 in 2005; and $4,223,440 in 2006.

#### B. ADMISSIONS AND MOTIONS FOR SUMMARY DISPOSITION

In May 2006, the Township requested that the Country Club admit several statements as fact. After the Country Club failed to respond to the request, the Township moved to deem the statements admitted. The Township also moved for summary disposition, arguing that on the basis of the admitted facts, the Country Club would be unable to obtain any relief. The Country Club responded that even if the Tribunal deemed the statements admitted, the admissions did not establish the true cash value of the property.

On September 1, 2006, the Tribunal deemed that the Country Club admitted the statements, including that

"the subject property is properly assessed or assessed at below market value." However, the Tribunal denied the Township's motion for summary disposition, opining that the true cash value of the property was still in dispute. We note that a property's assessed value is 50 percent of its true cash value.

Both parties filed additional motions for summary disposition under MCR 2.116(C)(10). The Tribunal determined that the Country Club's motion was a motion for reconsideration, which it denied. It also denied the Township's motion, asserting that the true cash value of the properties remained in dispute. The Country Club filed an additional motion for summary disposition, which it based on the property's zoning restrictions. The Tribunal determined that the effect of the zoning restrictions was an issue of fact and denied the motion.

### C. HEARING TESTIMONY

The hearing took place in January 2008. Michael Rende, the Country Club's appraiser, first used the income approach to value the property. He calculated the net operating income of the property by deducting the property's expenses from its gross income and capitalizing the result. Under that approach, Rende's estimate of the combined true cash value of the properties was $190,000 in 2004; $120,000 in 2005; and $90,000 in 2006.[1]

Rende also alternatively estimated the value of the land as if it were vacant and ultimately concluded that the property would be more valuable as vacant land. He testified that most of the parcels were zoned for commercial recreation and that there was little possibility

---

[1] It appears from the record that Rende's true-cash-value estimates did not include the value of the ninth parcel.

that the properties' zoning classifications would change. Rende determined that the true cash value of the land as vacant land was $700,000 for each year in light of the zoning restrictions.

Lloyd Syron, an owner of the property, testified that he had received two offers to purchase the property, one for $11,000,000 that was contingent on rezoning and the other for $6,000,000. The Township's appraiser, Raymond Bologna, later testified that these offers for sale occurred in 2002. Syron also testified that in 2005, he mortgaged the property for $600,000 and received a further $200,000 line of credit on it from the bank.

John Wood, the Township's chief assessor, testified that his original assessments in 2004, 2005, and 2006 were accurate. Wood also testified that he believed that the Township would permit rezoning the property because there was a high demand for vacant property in the Township. Larry Lockwood, head of the Township's planning division, testified that it was highly probable that the Township would permit rezoning.

Bologna testified that he used the income approach to appraise the property as it existed, and found that the true cash value of the property was $1,678,000 in 2004; $2,062,000 in 2005; and $2,676,000 in 2006.[2] Bologna testified that the valuation using the income approach was very low, and that he also applied a sales-comparison approach. Using the sales-comparison approach, Bologna testified that the highest and best use of the property was as vacant property zoned for residential or mixed commercial and residential developments. Bologna's estimate of the true cash value of the property as vacant land was $7,607,000 in 2004; $8,010,000 in 2005; and $6,910,000 in 2006. He testified

_____

[2] These figures, and those valuing the property as vacant land, include the value Bologna attributed to the ninth parcel.

that he considered the likelihood that a zoning change could occur when analyzing the value of the property.

### D. THE TRIBUNAL'S FINDINGS AND CONCLUSIONS

The Tribunal ultimately concluded that the Township accurately assessed the property's true cash value in 2004, 2005, and 2006. The Tribunal found that Rende's appraisal was not credible because he used improper appraising methods. The Tribunal considered Bologna's testimony, but noted that Bologna did not account for the possible costs and time required to rezone the property.

The Tribunal thoroughly considered the evidence concerning the highest and best use of the property and the effect of zoning on the property's value. It found credible Lockwood's testimony that it was likely that the property could be rezoned. However, the Tribunal ultimately found that the property did not "have an increased value for the potential of a different use without a zoning change . . . ." It found that, though the best use of the property might change with a zoning change, the Country Club's current use was appropriate.

The Tribunal rejected both parties' appraisals. It rejected the Country Club's appraisal as not credible, and rejected the Township's appraisal because it was based on "hypothetical property" instead of on the property as it was zoned. The Tribunal then concluded that the property's true cash value was accurate as initially assessed.

### E. THE TOWNSHIP'S MOTIONS FOR COSTS

In September 2011, the Township also moved the Tribunal for costs (1) as the prevailing party and (2) for

the frivolous hearing. The Country Club argued that the Township was not entitled to costs. The Tribunal denied the Township's motion for costs, finding that the hearing was not frivolous and concluding that the Township was not a prevailing party.

## II. TRUE CASH VALUE (DOCKET NO. 305970)

### A. STANDARD OF REVIEW

This Court's review of a decision by the Tribunal is limited.[3] We must accept the Tribunal's factual findings if "competent, material, and substantial evidence on the whole record" supports them.[4] Substantial evidence supports the Tribunal's findings if a reasonable person would accept the evidence as sufficient to support the conclusion.[5]

### B. LEGAL STANDARDS

The Michigan Constitution provides that true cash value is necessary to determine the tax applicable to real property.[6] The Legislature has provided that "property shall be assessed at 50% of its true cash value . . . ."[7] The Legislature has defined "true cash value" as "the usual selling price . . . that could be obtained for the property at private sale . . . ."[8] True cash value and fair market value are synonymous, and

---

[3] *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012).

[4] Const 1963, art 6, § 28; *Mich Props*, 491 Mich at 427.

[5] *In re Payne*, 444 Mich 679, 692; 514 NW2d 121 (1994); *Wayne Co v Michigan State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004).

[6] Const 1963, art 9, § 3.

[7] MCL 211.27a(1).

[8] MCL 211.27(1).

both are "the probable price that a willing buyer and a willing seller would arrive at through arm's length negotiation."[9]

The petitioner has the burden to establish the property's true cash value.[10] But even if the petitioner fails to show that the assessment was too high, the Tribunal has the duty to determine the property's true cash value using the approach that most accurately reflects the value of the property.[11] The Tribunal should consider multiple approaches to determine a property's true cash value, correlating, reconciling, and weighing the values derived under the various approaches to reach a final estimate of the property's value.[12]

### C. APPLYING THE STANDARDS

The Country Club contends that the Tribunal improperly adopted the Township's assessment, instead of independently determining the parcels' true cash values. We do not agree that the Tribunal adopted the Township's assessment without any basis.

We conclude that the Tribunal fulfilled its duty to make an independent determination of true cash value in this case. The Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of true cash value when competent and substantial evidence supports doing so, as long as it does not afford the original assessment

---

[9] *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007).

[10] MCL 205.737(3); *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).

[11] *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011); *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 485; 473 NW2d 636 (1991).

[12] *Meadowlanes Dividend Housing Ass'n*, 437 Mich at 484-486.

presumptive validity.[13] Generally, competent and substantial evidence supports the Tribunal's determination if it is within the range of the evidence advanced by the parties.[14]

In this case, competent, material, and substantial evidence supported the Tribunal's determination. The Tribunal rejected Rende's proposed valuation because it was not credible. The credibility of the witnesses is a matter for the Tribunal to determine.[15] The Tribunal also rejected Bologna's determination because he based it on "hypothetical property": Bologna assumed that the Country Club could rezone the property, but the property was not yet rezoned. The Tribunal's ultimate determination was between these two extremes. Thus, the evidence supported the Tribunal's determination because it was within the range of evidence presented by the parties.

Further, there is no indication that the Tribunal presumed that the original assessment was valid. Wood testified about his methods in his initial assessments, and testified that he believed that his assessment methods were accurate. We conclude that the Tribunal did not shirk its duties to independently determine the parcels' true cash values.

### III. COSTS (DOCKET NO. 306727)

The Township argues that the Tribunal erred when it denied the Township's motion for costs because (1) the Township was the prevailing party, and (2) the Country Club's action was frivolous.

---

[13] *President Inn Props*, 291 Mich App at 640.

[14] See *id*. at 641-642.

[15] *Id*. at 636.

### A. COSTS TO A PREVAILING PARTY

#### 1. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a court's ruling on a motion for costs to the prevailing party.[16] We generally review de novo whether a party was a "prevailing party," because it is a question of law.[17] But when a party does not dispute the facts or allege fraud, we review whether the Tribunal "made an error of law or adopted a wrong principle."[18]

#### 2. LEGAL STANDARDS

A subset of the Michigan Administrative Code sets forth the rules of practice and procedure for the Tribunal.[19] If no applicable rule exists within that subset, the Michigan Court Rules and certain sections of the Michigan Administrative Procedures Act[20] apply.[21] During the period relevant to this case, the applicable subset of the Michigan Administrative Code provided that "[t]he Tribunal may, upon motion or upon its own initiative, allow a prevailing party in a decision or order to request costs,"[22] but it did not define "prevailing party." Thus, we will examine our court rules and caselaw to determine whether the Township was the prevailing party in this action.

When a single cause of action is alleged, the prevailing party is "the party who prevails on the entire

---

[16] *Fansler v Richardson*, 266 Mich App 123, 126; 698 NW2d 916 (2005).

[17] *Id.*

[18] *Mich Props*, 491 Mich at 527-528.

[19] Mich Admin Code, R 205.1101 *et seq.*

[20] MCL 24.201 *et seq.*

[21] Mich Admin Code, R 205.1111(4); *Signature Villas, LLC v City of Ann Arbor*, 269 Mich App 694, 705-706; 714 NW2d 392 (2006).

[22] Mich Admin Code, R 205.1145(i).

record . . . ."[23] The party need not recover the full amount of damages that he or she requested.[24] But the party "must show, at the very least, that its position was improved by the litigation."[25]

### 3. APPLYING THE STANDARDS

In this case, the Tribunal determined that the Township "did not prevail in this case, because it requested an increase in true cash value, which did not happen." We conclude that the Tribunal did not err in applying the law and did not adopt a wrong principle when it determined that the Township was not a prevailing party.

The Township did not show that its position improved as a result of the litigation. The Township's position did not deteriorate as a result of the Country Club's petition, but neither did its position improve. And, as noted by the Tribunal, the Township requested an increase in the taxable values of the parcels, but did not receive an increase. Thus, the Tribunal did not err when it determined that the Township was not a prevailing party and did not abuse its discretion when it denied the Township's motion for costs.

### B. FRIVOLOUS ACTIONS

#### 1. STANDARD OF REVIEW

Generally, when reviewing whether an action is frivolous under MCR 2.625(A)(2), this Court reviews for

---

[23] MCR 2.625(B)(2); *LaVene v Winnebago Indus*, 266 Mich App 470, 473-474; 702 NW2d 652 (2005).

[24] *Van Zanten v H Vander Laan Co, Inc*, 200 Mich App 139, 141; 503 NW2d 713 (1993).

[25] *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81; 577 NW2d 150 (1998); see also *Ullery v Sobie*, 196 Mich App 76, 82; 492 NW2d 739 (1992).

clear error a trial court's finding that an action is not frivolous,[26] because whether a party's claim is frivolous in a specific case is a question of fact.[27] However, this case involves a finding by the Tribunal. And we must affirm the Tribunal's findings of fact if competent, material, and substantial evidence on the record supports them.[28] We conclude that we must affirm the Tribunal's finding concerning whether a claim was frivolous unless competent, material, and substantial evidence does not support the finding.

### 2. LEGAL STANDARDS

A court may find that a party's action is frivolous under MCR 2.625(A)(2) when (1) the party initiated the suit for purposes of harassment, (2) "[t]he party's legal position was devoid of arguable legal merit," or (3) "[t]he party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true."[29] Harassment is not at issue in this case.

### 3. APPLYING THE STANDARDS

The Township argues that the Country Club's action was frivolous because, in light of its admissions, there were no disputed evidentiary issues to take to a hearing.

We conclude that the trial court's finding that the Country Club's request for a hearing was not frivolous was supported by competent, material, and substantial

---

[26] *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002).

[27] See *State Farm Fire & Casualty Co v Johnson*, 187 Mich App 264, 268-269; 466 NW2d 287 (1991), citing *Sarin v Samaritan Health Ctr*, 176 Mich App 790, 799; 440 NW2d 80 (1989) ("The trial court's finding of fact that the court rule was not violated may not be set aside unless clearly erroneous.").

[28] *Mich Props*, 491 Mich at 527.

[29] MCL 600.2591(3)(a).

evidence on the record. A party's admissions are binding, formal, and conclusive concessions of fact or of the application of law to the facts.[30] The dual purposes of admissions are: (1) to eliminate issues from the case that are uncontested, and (2) to facilitate proof on issues that are not eliminated.[31] As noted earlier, even if the petitioner does not meet his or her burden to show that the assessment was too high, the Tribunal must make an independent determination of the property's true cash value.[32]

In this case, the Tribunal found that the Country Club's request for a hearing was not frivolous, even after its admissions, because the admissions did not establish the property's true cash value. The Tribunal deemed that the Country Club admitted that the property was "properly assessed or assessed at below market value." The Country Club's admission does not specify what the true cash value of the property was and it is inherently self-contradictory—the property was either properly assessed or it was assessed below market value, but it cannot be both at the same time. We conclude that the Tribunal did not err when it determined that a hearing was still required for it to fulfill its statutory duty to determine the property's true cash value.

But even had the Tribunal erred when ruling in June 2006 that a hearing was still necessary to resolve the disputed factual issues in this case, we fail to see why *the Country Club* should be held accountable for the "unnecessary" hearing. Simply because the Tribunal ultimately rejected the Country Club's facts and legal

---

[30] *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 419-420; 551 NW2d 698 (1996).

[31] *Id.* at 420.

[32] MCL 205.737(1); *President Inn Props*, 291 Mich App at 640; *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389.

arguments does not mean that the Country Club did not have a good faith basis to advance those facts and arguments.[33] In light of the Tribunal's rulings denying the parties' motions for summary disposition, the Country Club had a good faith basis to believe that the hearing was necessary to resolve disputed facts.

The Township argues that this case is analogous to our decision in *DeWald v Isola*.[34] In *DeWald*, the plaintiff attempted to enforce an alleged oral promise to sell an interest in property.[35] But since 1872, it has been settled law in Michigan that an oral promise to sell land is unenforceable under the statute of frauds.[36] This Court concluded that the trial court should have sanctioned the plaintiff because its claim was devoid of arguable legal merit.[37] We reasoned that the party's mistakes involved a matter that was "basic, longstanding, and unmistakably evident in statutory and common law . . . ."[38] We simply do not think that *DeWald* is analogous to the facts here because the Country Club did not make an obvious and basic mistake of law.

We conclude that, in light of the Tribunal's ruling that a hearing was necessary, the record supports its finding that the Country Club's hearing was not frivolous. We affirm that finding under the standards of review applicable to the Tribunal's decisions.

We affirm.

JANSEN, P.J., and WHITBECK and BORRELLO, JJ., concurred.

---

[33] See *Kitchen*, 465 Mich at 662.

[34] *DeWald v Isola*, 180 Mich App 129; 446 NW2d 620 (1989).

[35] *Id*. at 131.

[36] *Id*. at 135.

[37] *Id*. at 137.

[38] *Id*. at 136.